[S. F. No. 1869.  Department One. — September 30, 1901.]

MARGARET A. MULLEN, Respondent, v. CORNELIUS C. DUNN, Appellant.

ACTION UPON NOTE — INSANE DEFENDANT — SERVICE OF SUMMONS — AP-
PEARANCE BY GUARDIAN — JURISDICTION — APPEAL. — In an action
upon a note, found to have been executed by the defendant when
he was competent to contract, though he was found to have been
afterwards committed to an insane asylum, where it appears that
the service of summons was made both upon the defendant and
upon his duly appointed guardian, and that the answer was en-·
titled in the name of the defendant, in which the guardian answered
"for said insane person and for himself," the court acquired juris-
diction of the person of the insane defendant, and the judgment
against him, being supported by the pleadings and findings, will
be affirmed upon appeal therefrom.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.  J. M. Seawell, Judge.

The court found that the defendant was competent to con-
tract when the note sued upon was executed, though subse-
quently committed to an insane asylum.  Further facts are
stated in the opinion.

Eugene F. Bert, and A. Ruef, for Appellant.

John W. Bourdette, and Andrew Thorne, for Respondent.

GRAY, C. — This is an action on a promissory note.  After
a trial, the plaintiff had judgment, and defendant appeals there-
from.

The single contention of appellant is, that the answer in the
case was the answer of the guardian, John O. Dunn, and not
the answer of the incompetent, Cornelius C. Dunn, and that
there is nothing to show any appearance by or on behalf of the
said Cornelius C. Dunn, or that the court ever obtained juris-
diction of his person in the case, and therefore the court had
no power to enter the judgment against him from which the
appeal is taken.

The defendant, as appears from the pleadings and findings,
was an insane person, and his son, John O. Dunn, was the duly
appointed guardian of his person and estate.  It also appears

that due personal service of the summons was had upon the insane person, as well as upon the said guardian. The answer to the complaint was verified by said John O. Dunn, and in this verification he states "that he is the guardian of the person and estate of Cornelius C. Dunn, an incompetent person, and one of the defendants in the above-entitled action." In the title of the cause, both in the complaint and answer, Cornelius C. Dunn is named as a defendant, and the answer is signed, "Eugene F. Bert, attorney for defendant." The first paragraph of the answer reads as follows: "Now comes the above-named John O. Dunn, improperly sued as John C. Dunn, the guardian of Cornelius C. Dunn, an insane person, and answering the complaint of plaintiff herein *for said insane person* and for himself, avers as follows."

Section 1769 of the Code of Civil Procedure provides that every guardian "*must appear for* and represent his ward in all legal suits and proceedings." It is plain from the language of the answer that the guardian intended to *appear for* and represent his ward in the case, and that the ward appears and answers by his guardian; and thus the court gets jurisdiction of the person of the ward.

The judgment against Cornelius C. Dunn is supported by the pleadings and findings, and there is no merit in the appeal.

The judgment should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.