### DAVISON, Adm'r, v. RENNER.

No. 26704.  Feb. 2, 1937.

Lashley & Rambo and Russell B. James, for plaintiff in error.

R. W. Kellough, Booth Kellough, and Garland Keeling, for defendant in error.

PER CURIAM. This appeal is prosecuted by the administrator of the estate of Liva D. Gibson, deceased, from an order of the district court of Tulsa county, overruling the motion of the plaintiff in error to recall a writ of assistance issued by the court clerk and directed to the sheriff of Tulsa county, Okla., commanding him to place the defendant in error in possession of certain property in the city of Tulsa. The defendant in error was the plaintiff in the trial court, and he will be so designated in this opinion.

On August 29, 1933, the plaintiff, Carl F. Renner, commenced an action in the district court of Tulsa county, Okla., against Liva D. Gibson et al., to foreclose a mortgage on real estate which had been given by Frank S. Davison in his lifetime to secure a note in the principal sum of $4,500. The title of the cause, as set forth in the petition, is "Carl F. Renner, Plaintiff, v. Liva D. Gibson, J. G. McCandless and Mrs. J. G. McCandless, Defendants." It was alleged that the defendants, other than Liva D. Gibson, were tenants in possession. The original petition is in the usual form of one seeking to foreclose a mortgage on real estate, and, among other things, alleges the execution of the note and mortgage by Frank S. Davison in his lifetime, the fact of his death, and that the title to the property sought to be foreclosed became vested in Liva D. Gibson. Facts also were set forth alleging default in the terms of the mortgage and the petition concluded with a prayer asking for a personal judgment against Liva D. Gibson and for foreclosure of the mortgage as to all the defendants. The record shows that personal service was had on Liva D. Gibson on August 29, 1933.

At a date subsequent to the filing of the petition the plaintiff learned that the defendant Liva D. Gibson had been adjudged an incompetent and that O. H. Davison had been appointed guardian of her person and estate by the county court of Tulsa county. Plaintiff thereupon, on October 14, 1933, filed his application for leave to file an amended petition, making O. H. Davison, as guardian of the person and estate of Liva D. Gibson, a party defendant. The title of this application for leave to file his amended petition is "Carl F. Renner, Plaintiff, v. O. H. Davison, Guardian of the Person and Estate of Liva D. Gibson, J. G. McCandless and Mrs. J. G. McCandless, Defendants." This same title last mentioned is retained in the order granting the plaintiff permission to file his amended petition, the first amended petition, the praecipe for summons to be served on O. H. Davison, guardian of Liva D. Gibson, the summons issued in pursuance of said praecipe, the special appearance and motion to quash summons filed by O. H. Davison, guardian, the motion filed by O. H. Davison, guardian, the journal entry of judgment, oath of receiver, motion for new trial and for vacation of appointment of receiver, journal entry overruling motion for new trial, praecipe for execution and order

of sale, execution and order of sale and notice of sale. When the plaintiff filed his motion to confirm the sale the title of the cause as set forth was "Carl F. Renner, Plaintiff, v. Liva D. Gibson, an Incompetent, and O. H. Davison, Guardian of the Person and Estate of Liva D. Gibson et al.," and this latter title was retained with respect to any orders made by the court or pleadings filed by the plaintiff subsequent to that time.

Plaintiff obtained leave to amend his petition, and an order was made making O. H. Davison, guardian of the person and estate of Liva D. Gibson, a party defendant. He, as guardian, filed a motion to quash summons, and upon that being overruled he filed a motion as "O. H. Davison, Guardian of the person and estate of Liva D. Gibson," wherein he set forth that the action was one for the foreclosure of a mortgage on real estate, and further recited that "this defendant's said ward, Liva D. Gibson, is the record owner of said real estate," and that he should be granted nine months from the date of the service of summons upon him within which to answer. This motion was overruled, and no further pleading having been filed by any of the defendants, a judgment by default was rendered on April 25, 1934. O. H. Davison, as guardian, filed a motion for a new trial, which was overruled and no appeal has been prosecuted from the order overruling the motion for new trial. An execution and order of sale was duly issued by the county clerk and the property was sold by the sheriff of Tulsa county to the plaintiff for $4,500. After the motion to confirm the sale had been sustained the sheriff executed his deed conveying the premises to the plaintiff, Carl F. Renner, and the plaintiff then filed an application for a writ of assistance and obtained an order against the defendants, O. H. Davison et al., directing them to show cause why a writ of assistance should not be issued. O. H. Davison, guardian of Liva D. Gibson, an incompetent person, filed his objection to this order of the court, setting forth that Liva D. Gibson had died since the rendition of the judgment; and he sets forth in his objections that the title to the real estate involved was vested in Liva D. Gibson; that she was not a party to the action; that the court was without jurisdiction to render any judgment affecting her property; that the court had in fact rendered no judgment against Liva D. Gibson, and that on account of such facts the plaintiff had acquired no title to the property by virtue of the foreclosure proceedings, and that the writ of assistance should therefore be denied. On April 20, 1935, the

court made an order granting the writ of assistance, and on April 27, 1935, O. H. Davison, as administrator of the estate of Liva D. Gibson, deceased, filed his motion to recall and quash writ of assistance, setting forth substantially the same grounds as he had set forth in his objection, as guardian, to the writ of assistance. This motion was denied, and it is from the order of the court denying the motion of the said O. H. Davison, as administrator of the estate of Liva D. Gibson, deceased, to recall and quash the writ of assistance that the appeal is prosecuted to this court.

It is urged by the plaintiff in error that Liva D. Gibson was not a party to the first amended petition filed by the plaintiff, and that therefore no judgment could properly be taken against her, and that in fact no judgment was taken against her, and as she was the owner of the property, she was an indispensable party to an action concerning the title. Undoubtedly, the right to issue a writ of assistance depends on a valid judgment.

The assignments of error can well be disposed of under one discussion. They all rest on the theory that Liva D. Gibson was the owner of the property involved and was a necessary party to an action to foreclose a mortgage on the property; that she was not a party and that no judgment was taken against her.

Both parties in this cause appear to concede that an incompetent person under guardianship is an indispensable party to an action concerning the title to his property, and that the court acquired no jurisdiction over such incompetent in a suit brought merely against her guardian. On that assumption we will examine the pleadings filed.

It is not in dispute that the original petition stated a cause of action against Liva D. Gibson. It was alleged that she was the owner of the property sought to be foreclosed, and it is not disputed that personal service was had upon her, but it is the contention of the plaintiff in error that, among other things, the fact that the name of Liva D. Gibson was omitted from the title of the first amended petition and also omitted from the title of the subsequent pleadings and proceedings above enumerated, such omission had the effect of dismissing her from the action, and that hence the judgment subsequently rendered could not affect the title to her property.

It seems to be a well-settled rule of law in this state that the filing of an amended

petition, filed as a substitute for the original pleading, supersedes it, and that the original pleading ceases to be a part of the record, except for the purpose of deciding when the original action was in fact commenced· and whether or not a new cause of action has been introduced in the amended petition. Territory v. Woolsey, 35 Okla. 545, 130 P. 934; Garr, Scott & Co. v. Rogers, 46 Okla. 67, 148 P. 161; Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 P. 706, but it does not necessarily follow that the omission of the name of a person from the title of an amended petition and from the title of subsequent pleadings operates as a dismissal as to that person, if a cause of action is alleged in the amended petition against the person omitted from the title.

It therefore becomes necessary to examine the amended petition to determine whether the rule of law announced is applicable, and to determine whether or not Liva D. Gibson was a party defendant in the amended petition.

It has been pointed out that the name of Liva D. Gibson was omitted from the title of the amended petition. The first paragraph of the first amended petition is as follows:

"Now comes plaintiff, Carl F. Renner, and for his cause of action against the defendants. O. H. Davison, guardian of the person and estate of Liva D. Gibson, J. G. McCandless and Mrs. J. G. McCandless, alleges and avers."

Facts are then alleged showing the execution of the note and mortgage by Frank S. Davison in his lifetime covering the property sought to be foreclosed, and also facts alleging that default had been made in the terms of the mortgage. It is further alleged:

"VI. Plaintiff further states that said Frank S. Davison left a will bearing the date of February 19, 1932, which has heretofore been admitted to probate by the county court of Tulsa county, Okla., under the terms of which his property of every character and description was devised to his sister, Liva D. Gibson, for life. The remainder over to one Ruth Mooney; that since the death of said Frank S. Davison and since the admission of said will to probate, said Ruth Mooney has, by good and proper conveyance, transferred, assigned and conveyed all of her right, title and interest in and to said estate therein and to all the property comprising the same to said Liva D. Gibson, and that on the 15th day of May, 1933, it was ordered, adjudged and decreed by the county court of Tulsa county, Okla., that the full and entire property of every kind and character whatsoever belonging to and comprising the estate of Frank S. Davison, deceased, be and thereby was distributed to, and the title thereto· vested in Liva D. Gibson, as sole devisee of the estate under the will of Frank S. Davison, deceased; a copy of said final decree is hereto attached, marked Exhibit 'C' and made a part hereof.

"VII. Plaintiff further states that the said Liva D. Gibson is in possession of said premises, but plaintiff states that whatever right, title, interest or estate she may have therein is junior, inferior and subject to the mortgage lien of this plaintiff, and that this plaintiff is entitled to have his mortgage foreclosed and declared to be the first and prior lien on said premises and. to have said premises sold as provided by law, and that whatever right, title, interest and estate the said defendant may have therein shall be declared to be inferior and junior to the mortgage rights of this plaintiff. and that she, her heirs, executors, administrators and assigns, and all persons claiming by, through or under her, shall be forever barred from setting up any right, title, claim, interest or estate. in and to said premises, and the said premises foreclosed and sold free and clear of any claim of the said defendant."

The prayer of the amended petition asks for personal judgment against the estate of Frank S. Davison, and O. H. Davison, guardian of the person and estate of Liva D. Gibson, and further prays for foreclosure of the mortgage. There is then the further allegation:

"* * * And that the court decree said mortgage to be a first and prior lien on the real estate, improvements and appurtenances hereinabove described; that whatever right, title, interest claim or estate said defendant, if any, may have in or to said property. be foreclosed by decree of this court, and that all of said real estate, improvements and appurtenances be sold as provided by law without appraisement and free and clear of all right, title, interest, claim and estate of the said defendant, her heirs, executors, adminstrators or assigns," etc.

—and the prayer concludes with the following clause: "and for such other relief to which plaintiff may be entitled."

It is thus apparent that, regardless of the absence of the name of Liva D. Gibson from the title in the first amended petition, and regardless of the fact that in the first paragraph of the first amended petition the plaintiff recites the defendants. against whom he says he alleges a cause of action and fails to name Liva· D. Gibson, a cause of action was alleged against Liva D. Gibson; the title to the property was vested in her and this fact is definitely alleged in the

petition. It is definitely alleged that whatever right, title or interest she may have in or to said property is subject and inferior to the mortgage lien of the plaintiff, and that the plaintiff was entitled to have his mortgage foreclosed. It is very definitely asked that the court decree that the mortgage be declared to be a first and prior lien, and that the premises be sold free and clear of all right, title, interest, claim and estate of said defendant, her executors, administrators, and assigns. A cause of action was clearly stated in the first amended petition against Liva D. Gibson, the record owner of the property involved, seeking that her title be foreclosed.

In response to the first amended petition, O. H. Davison, guardian of the person and estate of Liva D. Gibson, filed his motion setting forth that the action was one for the recovery of a money judgment and for the foreclosure of the mortgage on the real estate described in plaintiff's petition, and further alleges "that this defendant's ward, Liva D. Gibson, is the record owner of said real estate, and that under" the law he, the guardian, "is entitled to nine months" additional time within which to answer. Whether this pleading, filed by the guardian of the incompetent, could be construed as a pleading by the incompetent acting through her guardian, it is not necessary to determine, but this motion, had it been granted, would have been for the benefit of the ward and not for the benefit of the guardian.

The journal entry of judgment finds that the defendants have been regularly, legally, and duly served with summons, and that the defendants, having failed to answer, are by the court adjudged in default; that the plaintiff has a valid mortgage lien on the premises and that the premises are owned by Liva D. Gibson, an incompetent. A personal judgment is rendered against the defendant, O. H. Davison, as guardian of the person and estate of Liva D. Gibson, in the sum of $4,500, with interest, etc. There is a further provision reading as follows:

"It is further ordered, adjudged and decreed that from and after the sale of said real property, under and by virtue of said judgment and decree, the said defendants, and each of them, and all persons claiming by, through or under them, or either of them, since the filing of this petition herein, be and they are hereby forever barred and foreclosed of and from any and all lien upon, right, title, interest and estate or equity, in or to said real estate, or any part thereof, and perpetually enjoined from asserting, or attempting to assert, any right, title or interest in and to said real estate or any part thereof."

The personal judgment against O. H. Davison, guardian, may be disregarded, so far as this opinion is concerned.

A cause of action was properly stated in the amended petition against the person in whom the title was vested. A judgment was entered foreclosing that person of her title, a deed issued in pursuance to that judgment, but the plaintiff in error says because the name of the person was omitted from the title of the cause, therefore the whole proceeding was a nullity in so far as it purported to divest the record owner of her title.

It must be noted that the plaintiff in error does not attack the judgment that was rendered. His contention is that no judgment was rendered against Liva D. Gibson, a necessary party defendant.

Whether or not the failure of the guardian to file an answer on behalf of his incompetent ward, or for the court to render a judgment without an answer on file, was erroneous, is not now proper to decide. It is not charged that there was any irregularity in the manner by which the judgment was procured and no suggestion is made of any fraud or unfairness or that Liva D. Gibson had any defense to the foreclosure action. If she had a defense, it was the duty of her guardian to present that defense and properly protect the rights of his incompetent ward.

The guardian, who is now the administrator of his ward's estate, chose rather to wait until after a judgment had been obtained and his ward's property sold and then ask that the writ of assistance be recalled. This he had a right to do if Liva D. Gibson was not a party to the foreclosure action and not concluded by a judgment. But as we hold that she was a party to the foreclosure action and was foreclosed by the judgment, the plaintiff in error cannot at such a late date be permitted to present a technical objection, which is that her name does not appear as a party defendant in the title of the amended petition and subsequent pleadings and proceedings. The guardian could have suggested to the court the objectionable feature in the pleadings as soon as the irregularity appeared, to the end that the proper amendment or correction could have been made. It is obvious that the mistake in omitting the name of the principal defendant from the title of the cause is one that could have been the

proper subject of an amendment, and if necessary this court could consider such amendment as made. Section 251, O. S. 1931; M. Rumley Co. v. Bledsoe, 56 Okla. 180, 155 P. 872.

Section 229, O. S. 1931, directs that the title of a cause shall not be changed in any of its stages, and it is desirable that all pleadings in a case should be properly entitled, but this is a matter of convenience, and the failure to properly entitle papers or a mistake in that regard will not be a fatal defect, particularly when it is apparent in what case they were intended to be filed.

Section 252, O. S. 1931, reads:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reserved (sic) or affected by reason of such error or defect."

No substantial right of the plaintiff in error, or of his predecessor in the chain of title, has been prejudicially affected by the omission of the name of the principal defendant from the title of the cause.

The authorities cited by the plaintiff in error to the effect that the filing of an amended petition omitting a defendant named in the original petition operates as a dismissal of the action as to the defendant omitted, do not hold that the mere omission in the title of the cause has the effect of dismissing the action as to the defendant omitted in the title. If the amended petition states a cause of action against a party whose name is inadvertently omitted from the title, such omission does not operate as a dismissal of the action as to that person. It is urged that because the plaintiff did not name Liva D. Gibson in the first paragraph of his amended petition as a party against whom he intended to state a cause of action, it follows that he can take a judgment against those only who were named as defendants in that paragraph. That particular paragraph in the petition was surplusage. It need not have been put in the petition at all. It may be some evidence that the plaintiff mistakenly did not intend to state a cause of action against Liva D. Gibson and did not intend to have a judgment rendered against her, but whether by design or by accident, a cause of action was stated against her and likewise a judgment was rendered against her.

No case has been cited in the briefs, and we have found none, which can be said to be directly decisive of the question here presented. There are cases, however, which deal with questions closely allied to the case presented.

In Missouri Riv., Ft. Scott & Gulf R. R. Co. v. Risden Owen, 8 Kan. 409, the court said:

"The proceedings in the district court were entitled Risdon Owen v. The Missouri River Ft. Scott and Gulf Railway Company.' Plaintiff in error moved to dismiss because the case was wrongly entitled. If true, this was no cause for dismissal, only to correct the title of the action (see Code, sec. 140) and is no cause for a reversal."

In the case of Butcher v. Bank of Brownsville, 2 Kan. 70, the trial court permitted the plaintiff to insert the word "petition" after the title, which had been omitted. The court said:

"We do not happen to see how it would affect the substantial rights of the adverse party whether the amendment was made or not." Mullen v. Dunn (Cal.) 66 P. 209.

In American Trust Co. v. Ford, 31 Okla. 628, 122 P. 186, the case was originally filed in the United States District Court for the Indian Territory, and while not directly authoritative, under the Oklahoma Code of Procedure, it is of weight as to what the rule would be. Mr. Justice Hayes says:

"* * * But it is not a fatal defect to omit the names of the parties in the body of the complaint, where they are set out in the title."

See, also, Lindsey v. Superior Court, etc. (Cal. App.) 279 P. 837. In that case the court says, in part:

"That the ward rather than the guardian should have been named as plaintiff is well settled (Fox v. Minor, 32 Cal. 111, 91 Am. Dec. 566; Dixon v. Cardozo, 106 Cal. 506, 39 P. 857); but, as held in the case last cited, which is similar in its facts, the order substituting the guardian, though erroneous, was manifestly not intended as a dismissal of the action as to the incompetent plaintiff, and should not be given that effect. * * *

"As was said in Nisbet v. Clio Mining Co., 2 Cal. App. 436, 442, 83 P. 1077, 1080: '"Courts, under the reformed system of procedure, look to the substance of things rather than to form, and to persons and things rather than mere names. This manner of treating things constitutes the life and spirit of the reformed system of procedure." (Anglo, etc., Co. v. Turner Casing Co., 34 Kan. 340, 8 P. 404.) That system was designed to enable courts of justice to brush aside technicalities affecting no substantial right,

and decide causes upon the merits. In the case at bar the body of the complaint clearly indicated that the intention was to sue the Clio Mining Company and recover upon its debt, and parties appearing in that action could not close their eyes to substantial facts, and rely upon mere technical omissions in the caption or title of the causes.' * * *

"It was contended that the amendment resulted in a complete change of the cause of action, which was barred by the statute of limitations. In deciding against this contention, the court refers with approval to the analogous case of Reardon v. Balaklala Consol. Copper Co. (C. C.) 193 F. 189, 191, and quotes therefrom as follows: 'It should be borne in mind * * * that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which (she) sues. * * * This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than of substance, and in the interests of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy.' "

In 49 Corpus Juris p. 130, section 135, it is said:

"The title or caption of the pleading is the heading which shows the names of the parties, the name of the court, the number of the case on the docket or calender, etc. While a caption or title may be considered a proper formal part of a declaration, complaint or petition, it has been said that, strictly speaking, a caption is no part thereof, except where by express reference thereto in the pleading itself it is made a part thereof; and accordingly it has generally been held that a defective caption, or no caption at all, is merely a formal defect and not fatal, which may be waived by answering to the merits. Substantial compliance with a statute controlling the form and contents of caption is sufficient. A requirement as to the style of process does not apply to a declaration, even where the action is commenced by service of declaration with the rule to plead indorsed. Under the code provisions abolishing the form of distinction between actions at law and suits in equity, it has been held immaterial whether the complaint is entitled as at law or in equity. Where a declaration is wrongly entitled, the remedy is by motion."

In the case before us the guardian knew, or should have known, that regardless of the title of the amended petition, a cause of action was stated therein against his ward, wherein it was sought to foreclose a mortgage on property to which she had title, and

thus divest her of that title. The cause of action alleged against his ward gave all the information required and the mere omission of her name from the title, while erroneous, is not of sufficient importance to render the judgment and subsequent proceedings ineffectual to divest his ward of her title.

Courts are created for the purpose of enforcing and protecting rights, not for the purpose of seizing upon technical defects to defeat them.

The order overruling the motion to recall the writ of assistance is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. B. Kidd, R. E. Buckles, and Edward Howell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kidd and approved by Mr. Buckles and Mr. Howell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was amended and adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.