SHAWNEE CONSTRUCTION COMPANY, a corporation, and Hanover Insurance Company, a Foreign Corporation, Appellants,

v.

INDIAN NATIONS PARK, INC., a corporation, et al., Appellees.

No. 48019.

Court of Appeals of Oklahoma, Division No. 1.

April 6, 1976.

Released for Publication by Order of Court of Appeals April 29, 1976.

Rhodes, Hieronymus, Holloway & Wilson by Joseph R. Roberts, William B. Selman, Tulsa, for appellants.

Robinson, Boese & Davidson by R. L. Davidson, Jr., Tulsa, for appellees.

BOX, Judge:

An appeal by Shawnee Construction Company, co-plaintiff, from trial court's sustaining a Motion to Dismiss appellant as a party plaintiff as not the real party in interest.

The following proceedings were had pertaining to the within appeal: The Shawnee Construction Company (Shawnee) purchased a tractor, leveler, digger and tractor on February 2, 1972. The property was stolen on April 20, 1973. The property was insured for theft with the Hanover Insurance Company (Hanover), who reimbursed Shawnee for the loss of the property in the amount of $8,055.81. The money was paid to Shawnee on October 19, 1973. Shawnee delivered to Hanover Bills of Sale purportedly conveying the stolen property to Hanover. The Bill of Sale recited that

Shawnee covenanted and agreed to warrant and defend the sale of the property against any lawful claims and demands of all and every person or persons whatsoever.

Subsequently, it was learned the stolen property was in the possession of Farris Saffa and Indian Nations Park, Inc. Shawnee filed a replevin action on September 11, 1974, against Farris Saffa and Indian Nations Park, Inc., and joined Keystone Equipment Company, who had a $500.-00 possessory lien on the property for cost of repairs.

On October 1, 1974, defendants objected that Shawnee was not the real party in interest since it had conveyed the property to Hanover. The court granted Shawnee leave to amend its petition to add an additional party plaintiff, which the court stated would be the insurance company. A new trial date was set for November 7, 1974.

The amended petition in the first paragraph stated:

" . . . the Hanover Insurance, which is a necessary party and is hereby made an additional party."

The ninth paragraph stated:

" . . . the plaintiffs, Shawnee Construction Company and Hanover Insurance Company . . . ."

The eleventh paragraph provided:

"Plaintiffs, Shawnee Construction Company and Hanover Insurance Company request . . . ."

The last paragraph provided:

"Wherefore, Plaintiffs pray . . . ."

The record reveals that appellees neither answered nor demurred to the amended petition.

After the first witness testified that Shawnee was not reimbursed for its entire loss, defendants moved to be dismissed as against Shawnee Construction Company for the reason that it was not a real party in interest. The court sustained the motion, whereupon Hanover's counsel asked to be allowed to present further evidence.

The court declared that Hanover was not a party plaintiff in the action, and would not allow counsel for Hanover Insurance Company to proceed further in the action. Plaintiffs (appellants) appealed, alleging error as follows:

"I. The District Court erred (1) in allowing defendant to move for dismissal, (2) in considering such motion prior to plaintiff resting his case, and (3) in not presuming that any possible deficiency in evidence would be cured by subsequent evidence.

"II. The District Court erred in holding that the Shawnee Construction Company was not a real party in interest.

"III. The District Court erred in holding that the Hanover Insurance Company had not been joined as a party plaintiff in the action.

"IV. Regardless of any technicalities in determining the real party in interest, the District Court erred in dismissing defendants from the action."

Appellants' first witness, Jim Denham, Manager of Standard Road Supply, who had previously sold tractors and attachments to Shawnee Construction Company, identified records evidencing the sale of the tractor for $6,505.81, a post hole digger with extensions for $428.51, a land leveler with box blade for $202.01, another box blade for $180.49, extra tires and wheels and a lace for $273.50.

Appellants' next witness was David Little, co-owner and president of Shawnee Construction Company, who verified the prices and articles as presented by Jim Denham, supra. Further, he testified that he later bought a new trailer to transport the tractor at a cost of $1,500 to $1,600, that he discovered the tractor missing, reporting same to the police. He also turned in a report to his insurance company and received a settlement from the company.

During the testimony of this witness, the following transpired:

"MR. DAVIDSON: May I interrupt the proceedings for a moment? Comes now

the defendant, Indian Nations Park, and Farris P. Saffa, individually, and move that this case be dismissed as to the plaintiff, Shawnee Construction Company.

"THE COURT: State your grounds.

"MR. DAVIDSON: It is quite apparent that all right, title and interest on the bill of sale has just been entered in evidence.

"THE COURT: He is not the real party in interest.

"MR. DAVIDSON: Right.

"MR. ROBERTS: Before the Court rules on that, I would like to ask a few preliminary questions of the witness.

"THE COURT: Very well."

The witness, Mr. Little, then testified as follows:

"Q (By Mr. Roberts) Mr. Little, did the proceeds you received from the insurance carrier concerning loss, did that fully reimburse Shawnee Construction Company for the actual cash value of that equipment?

A No, it did not."

The discussion with the court was as follows:

"MR. ROBERTS: I see no real harm in reserving your decision until you decide on the other point, because the witness has testified that the Shawnee Construction Company was not fully reimbursed for the equipment.

"THE COURT: He has signed a bill of sale, and transferred the . . . .

"MR. ROBERTS: Yes, but the value of the equipment is a proper part of this law suit. The testimony is the point that the value that was received by Shawnee was not the complete value of the equipment. That being the case, there is a joint interest of both parties. The Hanover has an interest for the amount of money that they have parted with as as shown by those instruments, and the Shawnee Construction Company has a monetary interest between what they got

and the actual value of the equipment at the time of the taking. So based on that I think surely the Court should reserve its ruling until we brief this matter, whether or not there is any right on either party to maintain it, which I maintain they do.

"MR. DAVIDSON: All you have to do is to look at the amended petition, as well as the original petition. The testimony here before you today is the items of damages they allege them to be of the value it comes out $8,055.81. That is exactly what they paid for. They have not paid for any other damages. It is not within the purview of the pleadings. The pleadings are limited to the exact dollars we are talking about on the bill of sale. You don't have any extra value that is even claimed by virtue of the pleadings, and all you have to do is to refer to the face of the petition.

"MR. ROBERTS: If that is a problem of counsel, we would move to amend the pleadings to conform to the proof to the evidence.

"THE COURT: From the evidence I have received it would appear that the Shawnee Construction Company has no interest in this litigation, and is not the real party in interest. Hanover Insurance Company is the owner of the tractor and trailer, and the Court would sustain the motion to dismiss.

"MR. ROBERTS: Exception. I would like to go on . . . .

"THE COURT: There is no purpose. I sustained the motion. You haven't got proper plaintiffs.

"MR. ROBERTS: Well, we have Hanover.

"THE COURT: *I don't believe Hanover has been mentioned as party plaintiff.* (Emphasis supplied.)

"MR. ROBERTS: Your Honor, I think you required us to bring Hanover in as an additional party plaintiff at that time at the last hearing . . . .

"MR. ROBERTS: If the Court please, I might address myself to this. You recall at the first hearing counsel's insistence was that Hanover be made a party to this law suit. The Court so ordered, and we filed an amended petition, the pertinent parts of which I call the Court's attention to.

"Paragraph number 1, the allegation that Hanover is a necessary party and is hereby made an additional party.

"Then we go along further, paragraph 3 of page 2, the allegation is made that Shawnee maintained insurance with Hanover, and that they claimed the benefits, and that they received settlement from the Hanover Insurance Company.

"Paragraph 8 on page 3, the allegation Shawnee and Hanover, plaintiff made demand upon the defendant for return of the equipment; they failed to do so.

"Paragraph 9 alleges that Shawnee and Hanover hold legal and equitable ownership in and to the right and immediate possession of the property described.

"Paragraph 10, Shawnee and Hanover further state—well, they don't challenge Keystone's possession of the lien. Then we asked that Shawnee and Hanover be given possession, and that the court issue its writ. I feel under those pleadings that it would be extremely difficult for counsel to urge seriously that Hanover is not a party.

"MR. DAVIDSON: They are not made a party plaintiff. There is no change in the plaintiff. They are claiming some kind of trust relationship, but not establishing it in the record."

At this time a recess was taken by the court until 1:30 o'clock P.M. Thereafter court reconvened with all parties present and appearing as before, with the following proceedings:

"MR. DAVIDSON: I would like to renew my motion to dismiss this action on the ground that it is now apparent that the plaintiff, either in his own right or in any representative capacity has no right, title, or interest in this action. Therefore, is not the real party in interest, and does not have the capacity to bring this.

"MR. ROBERTS: If the Court please, it is our position that the Shawnee Construction Company, and the Hanover Insurance Company both have legal standing to bring this action for replevin for the property which was stolen, and has been found in the possession of the defendant, Farris P. Saffa, and Indian Nations Park, Inc. And we are prepared at this time to go forward with the evidence to show title of Shawnee Construction Company and Hanover in their right to the possession of the property.

"THE COURT: From the evidence that I have heard, it is my understanding that you had seven witnesses all told. Is this correct, Mr. Roberts?

"MR. ROBERTS: Yes.

"THE COURT: And you have only had two witnesses so far, and the other witnesses—any of them going to testify to the trust agreement or trust arrangement between Shawnee Construction Company and Hanover Insurance Company?

"MR. ROBERTS: There would be the adjuster from the adjuster company, Mr. Scolley. He would testify as to the settlement arrangements between them and Hanover and Shawnee, and the terms of the settlement. Of course the proof of loss signed by Shawnee is already in evidence.

"MR. DAVIDSON: And the bill of sale.

"MR. ROBERTS: Yes, and the bill of sale.

"THE COURT: In view of the fact that Hanover Insurance Company is not a party to this law suit other than as a beneficiary, as alleged beneficiary is Shawnee Construction Company; the

fact that the bill of sale was made out to all of the property to Hanover Insurance Company, to show that they were the real party in interest, I am hearing it on a writ of replevin, and I think they are the one to bring the action.

"THE COURT: I will sustain the counsel's motion, and allow an exception.

"MR. ROBERTS: For the record, if the Court please, is the Court sustaining the defense motion to dismiss, or is this a sustension of the demurrer to the evidence?

"MR. DAVIDSON: I think it is properly a motion to dismiss when the lack of capacity is called to the attention of the Court, Your Honor, at any time, is a motion to dismiss whether in the nature of a demurrer or whatever.

"THE COURT: I am going to sustain the motion to dismiss. It will be a final order and an appealable order."

Mr. Roberts was allowed to make an offer of proof by the court, one of the witnesses was to have been Jim Skellat, who represents Hanover Insurance Company who had in his possession the records showing the settlement between Hanover and the Shawnee Construction Company.

Appellees subsequently prepared a Journal Entry of Judgment, as follows:

"The defendant Indian Nations Park, Inc., and Farris P. Saffa individually, moved the Court to dismiss the amended petition of Plaintiff for the reason and upon the ground that the named plaintiff, Shawnee Construction Company for itself and as Trustee for the Hanover Insurance Company had no right, title, or interest in the cause of action, and that the amended petition nor the evidence adduced and the offer of proof established any direct relationship and that by reason of the uncontroverted evidence the named plaintiff is not the real party in interest and lacks the capacity to bring

this action; that by reason thereof, the motion of the defendants, Indian Nations Park, Inc. and Farris P. Saffa should be sustained;

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED BY THE COURT that this action be and the same is hereby dismissed as between the plaintiff and all defendants, Indian Nations Park, Inc., Farris P. Saffa, and Keystone Equipment Company, at the cost of plaintiff, and said defendants be and they are hereby discharged with their costs herein expended."

The Supreme Court, in the *Board of Governors of Registered Dentists v. Melton,* 428 P.2d 205, at pp. 209 and 210, stated as follows:

"As concerns filing and sustaining defendant's Motion To Dismiss, it is sufficient to observe that such pleading is not authorized under Oklahoma practice. 12 O.S.1961, § 263. The style of the motion was misleading. However, it is the substance of a pleading which controls, rather than the style or form. Thus, a motion which invokes a ruling disposing of the cause of action constitutes a final order from which an appeal will lie. *Emerson v. Lewis et ux.,* Okl., 274 P.2d 529, 531. Since defendant's motion, when sustained by the trial court, was of the same effect as a demurrer to the petition, it should be considered upon this basis."

Title 12 O.S.1971, § 577, Subd. 3, provides as follows:

"Third. The party on whom rests the burden of the issues must first produce his evidence; *after he has closed his evidence* the adverse party may interpose and file a demurrer thereto, upon the ground that no cause of action or defense is proved. . . ."

Although a jury tried case, we think the statement of the Supreme Court in the case

of *Williamson v. Holloway,* 69 Okl. 254, 172 P. 44 is pertinent to the question before this Court, wherein at p. 45 the Court stated as follows:

"To permit the trial court, upon his own motion, before both parties have rested their cause in the ordinary course of trial, without the presenting of a demurrer to the evidence or an objection to the sufficiency of the petition, to stop the progress of the cause and instruct the jury for either party *would make the administration of justice a travesty. Though either party may have failed to make his case at any time in the progress of the trial the court cannot presume that he will not or cannot produce additional testimony which will tend to establish his case.* (Citations omitted.)" (Emphasis supplied.)

■ Although as set out, supra, the defendant did interpose a motion to dismiss in the instant action, same was a nullity and not procedurally correct. Bd. of Governors of Registered Dentists, supra.

Touching on the question of real party in interest, the Supreme Court in the case of *McMahan v. McCafferty,* 205 Okl. 656, 240 P.2d 443, held as follows:

"Where an insurance company pays to the assured a loss occasioned by the wrong of a third party, and the value of the property destroyed by the fire exceeds the amount paid by the insurance company, the assured owner may maintain an action in his own name, or he may maintain an action jointly with the insurance company paying the loss and as trustee for the use and benefit of such company against the wrongdoer and recover the full amount of the loss."

See also *Harrington v. Central State Fire Insurance Co.,* 169 Okl. 255, 36 P.2d 738.

In the case now under review Shawnee sought damages for the retention of the property between the date stolen and the date of reimbursement. Furthermore, Shawnee might have an interest in the difference between the actual value of the stolen property and the amount of the reimbursement. (We are not herein ruling on the above supposed interests for the reason that the trial court ended the proceedings before these matters were taken up.)

Regarding the court's contention that Hanover Insurance Company had not been joined as a party plaintiff in the action, the following appears of record:

Appellees argued on October 1, 1974, that Hanover was a necessary party and should be made a party under 12 O.S.1971, § 236, which provides:

"§ 236. Determination as to parties before court—Necessary parties to be brought in

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

The petition was amended to recite:

"I.

"The plaintiff, Shawnee Construction Company brings *this action as Trustee for the Hanover Insurance Company, which is a necessary party and is hereby made an additional party plaintiff.* (Emphasis supplied.)

"IX.

"That by virtue of the aforementioned facts, the Plaintiffs, Shawnee Construction Company and Hanover Insurance Company, hold * * *.

"XI.

"Plaintiffs, Shawnee Construction Company and Hanover Insurance Company request * * *."

Although Hanover's name was not listed in the amended caption, the omission would only be an irregularity, by the time the trial began. In *Davison v. Renner,* 179 Okl. 93, 64 P.2d 1226, a defendant's name was omitted and the court called it a mere irregularity, and in *C & C Tile Company v. Independent School District,* 503 P.2d 554, the Supreme Court adopted the language from other cases wherein it stated as follows:

> "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice. * * If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else."

In addition, 12 O.S.1971, § 78 provides:

> "The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

See also *Oklahoma Hardware Co. v. Common Carrier Division,* Okl., 405 P.2d 87; *C & C Tile Company, Inc. v. Independent School District No. 7, Tulsa County,* 503 P.2d 554.

■ From a review of the record we hold that the trial court committed error in holding that Shawnee Construction Company was not the real party in interest and the further ruling that Hanover Insurance Company was not a party plaintiff.

Reversed and remanded with instructions that the trial court reinstate this cause of action and proceed accordingly.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., and ROMANG, J., concur.