**2008 OK CIV APP 16**

**Retha C. KLOPFENSTEIN, Appellant,**

v.

**OKLAHOMA DEPARTMENT OF HUMAN SERVICES, Appellee.**

**No. 105,145.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 11, 2008.

---

Thomas E. Prince, Prince Law Office, P.C., Edmond, OK, for Appellant.

John E. Douglas, Assistant General Counsel, Oklahoma Department of Human Services, Oklahoma City, OK, for Appellee.

DOUG GABBARD II, Presiding Judge.

¶ 1 In this accelerated appeal under the Oklahoma Administrative Procedures Act (OAPA), 75 O.S.2001 & Supp.2007 §§ 250 through 323, Appellant, Retha C. Klopfenstein, seeks review of the trial court's dismissal for want of jurisdiction of her petition seeking review of an administrative agency order. After reviewing the facts and the law, we reverse and remand.

## BACKGROUND

¶ 2 Appellant is an employee of the Oklahoma Department of Human Services (DHS). In November 2004, Appellant filed a petition with the Oklahoma Merit Protection Commission (MPC) alleging that DHS had removed her essential job duties in retaliation for Appellant's filing an internal grievance and for discussing DHS operations with a member of the Oklahoma Legislature. On April 23, 2007, MPC denied Appellant's petition, finding that her essential job duties had not been changed or removed. Subsequently, Appellant's petition for reconsideration also was denied.

¶ 3 On July 25, 2007, Appellant filed her "Petition for Administrative Appeal" (Petition for Appeal) in district court pursuant to the OAPA. The Petition for Appeal requested that the district court set aside the MPC

decision and remand the case to MPC for the purpose of holding an administrative hearing.

¶ 4 Appellant's Petition for Appeal did not name MPC as a party defendant in its caption. While the appellate record does not contain any certificate of service, MPC received notice of the Petition for Appeal because it filed its "Certification of Record" in the district court case on August 6, 2007.

¶ 5 On August 20, 2007, DHS moved to dismiss Appellant's appeal on the grounds that Appellant had failed to name MPC as a defendant in the action. In support of its motion, DHS cited *Transwestern Publishing L.L.C. v. Langdon*, 2004 OK CIV APP 21, 84 P.3d 804, and *H & En, Inc. v. Oklahoma Department of Labor*, 2006 OK CIV APP 70, 136 P.3d 1070. On August 22, 2007, MPC filed a special appearance stating that it admitted the allegations contained in Paragraphs 1, 2, and 5 of Appellant's Petition for Appeal; that it neither admitted nor denied the jurisdictional allegations of Paragraphs 3 and 4 because Appellant had failed to name it as a party defendant in the caption of the Petition for Appeal; and that it denied that any statutory grounds existed for setting aside, modifying, or reversing its decision. MPC also stated that because it was a "nominal party," it planned to take no role in the determination of the proceeding unless the court determined that it could be of service.

¶ 6 Appellant admitted that while MPC was not named as a party defendant in the caption of the Petition for Appeal, MPC clearly was named as a party defendant in the body of that pleading. Appellant noted that MPC was named as a party under Subsection I, "Parties, Jurisdiction and Venue," at Paragraph 5 of her Petition for Appeal, and that relief from MPC's decision was clearly requested. Appellant also relied upon 12 O.S.2001 § 2008(F), which provides that "all pleadings shall be construed as to do substantial justice." Appellant argued that a plain reading of her Petition for Appeal clearly placed MPC on notice that it was a party defendant.

¶ 7 The trial court dismissed the Petition for Appeal, finding that MPC was a necessary party, and that Appellant had failed to name MPC in her petition and serve it with a copy of same as required by law. Appellant now seeks our review.

## STANDARD OF REVIEW

¶ 8 The granting of a motion to dismiss presents an issue of law requiring *de novo* review, that is, a plenary, independent, and non-deferential re-examination of the trial court's legal rulings. *See Indiana Nat'l Bank v. State Dept. Of Human Serv.*, 1994 OK 98, 880 P.2d 371; *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.*, 1996 OK 125 n. 1, 932 P.2d 1100. Here, the issue raised in DHS's motion to dismiss was whether the trial court had jurisdiction to hear Appellant's appeal. This issue presents a question of law, which we also review *de novo*. *See Jackson v. Jackson*, 2002 OK 25, ¶ 2, 45 P.3d 418.

## ANALYSIS

¶ 9 Title 75 O.S.2001 § 318(A) provides that any party aggrieved by a "final agency order" is entitled to judicial review under the OAPA. Subsection(B)(2) of the statute provides that "proceedings for review shall be instituted by filing a petition, in the district court of the county in which the party seeking review resides ... within thirty (30) days after the appellant is notified of the final agency order." Subsection 318(C) provides that:

C. Copies of the petition shall be served upon the agency and all other parties of record, and proof of such service shall be filed in the court within ten (10) days after the filing of the petition. The court, in its discretion, may permit other interested persons to intervene.

¶ 10 Clearly, since MPC is the agency whose final order has been appealed in this case, Appellant was required to name MPC as a party defendant and to serve it with a copy of the petition for review. We also find that the failure to do so would constitute a serious jurisdictional defect.

¶ 11 In *Edmondson v. Siegfried Insurance Agency, Inc.*, 1978 OK 45, 577 P.2d 72, the Oklahoma Supreme Court was presented with an appeal under the Oklahoma Employ-

ment Security Act. In that case, the appellant named the Oklahoma Employment Security Commission and an insurance agency as defendants but failed to name the Board of Review of the Commission. The statute in question, 40 O.S. Supp.1972 § 216(d)(7), provided, in part:

> Such petition for review ... shall be served upon a member of the Board of Review or upon such persons as the Board of Review may designate, but there shall be left with the party so served as many copies of the petition as there are defendants, and the Board of Review shall forthwith send by registered mail to each other party to the proceeding a copy of such petition, and said mailing shall be deemed to be completed service upon all such parties....

The district court dismissed the action and the Supreme Court affirmed, holding that the statute required that *both* the OESC *and* the Board of Review, as well as other parties to the proceeding, were required to be joined as parties and served with notice of the petition. The Court stated:

> The judicial review provided by the cited statute ... is a special proceeding and the procedural requirements are mandatory. The Oklahoma Employment Security Commission and the Board of Review of that Commission, and any other parties to the proceeding before the Board of Review, are necessary parties and failure by a plaintiff seeking judicial review of a decision by the Board of Review to name necessary parties as defendants in a timely commenced proceeding in the district court is jurisdictional. In *City of Oklahoma*

*City v. Lacy,* Okla. 336 P.2d 906, an appeal was dismissed for omission of a necessary party.

*Id.* at ¶ 4, 577 P.2d at 73. *See also State ex rel. Oklahoma Employment Sec. Comm'n v. Emergency Physicians, Inc.,* 1981 OK 82, 631 P.2d 743.

■ ¶ 12 We believe the principles ennunciated in *Edmondson* apply with equal force to administrative appeals brought under the OAPA.[1] The failure to name the agency and other parties to the proceeding in a petition for review under the OAPA is a jurisdictional infirmity justifying a dismissal of the petition for review. This Court recently held as much in our opinion in *Oklahoma Foundation for Medical Quality v. State ex rel. Department of Central Services,* Appeal No. 104,741 (issued Dec. 31, 2007). *See also H & EN, Inc. v. Okla. Dept. of Labor,* 2006 OK CIV APP 70, 136 P.3d 1070.[2]

■ ¶ 13 However, although Appellant admits that MPC was not named as a party in the caption of her Petition for Appeal, MPC clearly was named as a party in the body of the petition. Appellant notes that MPC was listed as a party under the subtitle, "Parties, Jurisdiction and Venue," and that the petition clearly indicated Appellant sought relief from MPC's decision. Appellant asserts that the petition must be read as a whole, and that doing so would clearly give MPC notice that its decision was being appealed. We agree.

■ ¶ 14 Although the Oklahoma and federal rules of pleading require parties to be named in the caption of a petition, the failure to do so is not necessarily fatal to the action.

---

1. The general rule applicable to administrative appeals is stated in 2 Am.Jur.2d *Administrative Law* § 531 (2004): "Proper service of a petition for judicial review of an administrative decision is generally a threshold requirement for a court to obtain subject matter jurisdiction over the case. All parties must be served when an appeal from an agency decision is taken, and the failure to properly serve the petition for judicial review necessitates dismissal of the action." (Footnotes omitted).

2. This conclusion also is consistent with the majority of courts in other states who, like Oklahoma, have statutes originating with the 1961 version of the Model State Administrative Proce-

dure Act. *See, e.g., New Britain v. Conn. State Bd. of Education,* 38 Conn.Supp. 712, 461 A.2d 997 (App.1983) (superseded by statute on other grounds); *Lockett v. Chicago Police Bd.,* 133 Ill.2d 349, 140 Ill.Dec. 394, 549 N.E.2d 1266 (1990); *Murray v. Board of Review,* 237 Ill. App.3d 792, 178 Ill.Dec. 517, 604 N.E.2d 1040 (1992); *King v. Univ. of Minn.,* 387 N.W.2d 675 (Minn.Ct.App.1986); *State ex rel. Day v. County Court of Platte Co.,* 442 S.W.2d 178 (Mo.Ct.App. 1969); *Union Bay Preservation Coalition v. Cosmos Dev. & Adm. Corp.,* 127 Wash.2d 614, 902 P.2d 1247 (1995); *Sunnyview Village, Inc. v. State Dept. of Admin.,* 104 Wis.2d 396, 311 N.W.2d 632 (1981).

Strictly speaking, a caption is not part of the statement of a cause of action against a party except where the pleading itself incorporates it by reference. 71 C.J.S. *Pleading* § 97(200). Oklahoma's pleading code requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" so that a defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." 12 O.S.2001 § 2008 and Committee Comment (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Because our state uses "notice" pleading, "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading," 12 O.S.2001 § 2010(C), and "[a]ll pleadings shall be so construed as to do substantial justice," 12 O.S.2001 § 2008(F).

¶ 15 In *Davison v. Renner*, 1937 OK 70, 179 Okla. 93, 64 P.2d 1226, the plaintiff filed an amended petition omitting the name of the defendant from the caption. However, the body of the petition clearly stated a cause of action against her. The Oklahoma Supreme Court reversed the trial court's dismissal, stating:

> In the case before us the guardian knew, or should have known, that regardless of the title of the amended petition, a cause of action was stated therein against his ward, wherein it was sought to foreclose a mortgage on property to which she had title, and thus divest her of that title. The cause of action alleged against his ward gave all the information required and the mere omission of her name from the title, while erroneous, is not of sufficient importance to render the judgment and subsequent proceedings ineffectual to divest his ward of her title.

*Id.* at ¶ 32, 64 P.2d at 1232.

¶ 16 Likewise, in *Shawnee Construction Co. v. Indian Nations Park, Inc.*, 1976 OK CIV APP 21, 550 P.2d 1363, another division of the Court of Civil Appeals reached a similar result, stating:

> Although Hanover's name was not listed in the amended caption, the omission would only be an irregularity, by the time the trial began. In *Davison v. Renner*, 179

Okl. 93, [179 Okla. 93] 64 P.2d 1226, a defendant's name was omitted and the court called it a mere irregularity, and in *C & C Tile Company v. Independent School District*, 503 P.2d 554 [(1972)], the Supreme Court adopted the language from other cases wherein it stated as follows:

> "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice ... If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else."

*Id.* at ¶ 28, 550 P.2d at 1369.

¶ 17 Title 12 O.S.2001 § 2010, requiring that all parties be named in the caption of the petition, was an adoption, in its entirety, of Federal Rule of Civil Procedure 10(a). In construing the federal rule, courts have consistently held that the failure to name a party in the caption of a petition is a mere irregularity if the body of the petition otherwise states a cause of action against a defendant. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) ("[A] party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant....")

¶ 18 In the present case, MPC was named as a party defendant in the body of the Petition for Appeal, and the petition specifically requested judicial relief from MPC's decision. Moreover, MPC was clearly given notice of the petition. MPC timely filed its certification of record as required by 75 O.S. 2001 § 320, and a few days later it filed a special appearance which referred to specific paragraphs in Appellant's Petition for Appeal. Moreover, MPC's special appearance did not allege failure of service, nor did it request a dismissal on that ground.

¶ 19 We conclude that MPC was properly named as a party in the Petition for Appeal

as required by law. Based upon the record before us, we also conclude that MPC received notice of the Petition for Appeal. Clearly, MPC has not been prejudiced by Appellant's failure to name it as a party in the caption of the case, especially since MPC views itself as a "nominal party" with no intent to participate in the proceedings. For these reasons, we find that Appellant complied with the requirements of 75 O.S.2001 § 318, and that the trial court's dismissal on that basis was error.

## CONCLUSION

¶ 20 The trial court's order of dismissal is hereby REVERSED and this cause is REMANDED for further proceedings.

¶ 21 REVERSED AND REMANDED.

GOODMAN, J., and FISCHER, J. (sitting by designation), concur.