2000 OK CIV APP 108

**MIDWEST FINANCIAL CORPORATION, an Oklahoma corporation, Plaintiff/Appellee,**

v.

**EQUITY HOLDING COMPANY, an Oklahoma Corporation, Defendant/Appellant,**

and

**Newport–Britton, L.L.C., an Oklahoma limited liability company, Appellant.**

**No. 92,982.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided April 14, 2000.

Rehearing Denied May 18, 2000.

Certiorari Denied Sept. 20, 2000.

---

**476**

Stephen G. Soloman, George W. Velotta, II, Oklahoma City, OK, for Appellant.

James E. Britton, Nicholas G.J. Healey, Oklahoma City, OK, for Appellee.

## OPINION

CARL B. JONES, Presiding Judge:

¶1 Appellant, Newport Britton, L.L.C. (Newport), appeals an order awarding attor-ney fees to Plaintiff/Appellee, Midwest Financial Corp., as a result of a discovery dispute. Newport is a non-party to the underlying case. It became involved, however, when Midwest attempted to subpoena Newport business records in an effort to establish that Newport is the alter ego of Defendant, Equity Holding Co. Appellant contends there is no statutory authority for such an award of attorney fees.

¶2 The underlying action between Plaintiff, Midwest, and the Defendant, Equity, was based on a real estate purchase contract. Shortly after Defendant/Equity filed a Motion for Summary Judgment, Midwest issued a subpoena to Newport for the production and inspection of various business records. Newport filed a timely objection to the subpoena, then two weeks later filed a Motion to Quash the subpoena. Midwest subsequently filed a response to the Motion to Quash with a request for costs and attorney fees. After Newport's objections to the subpoena was filed, the parties' attorneys had several conversations and/or correspondence in an attempt to resolve Newport's objections. They were working towards providing the requested discovery by stipulations.

¶3 The Motion to Quash was set for hearing on December 10, 1998. Prior to the hearing, the parties' attorneys settled the issues raised by the objection and Motion to Quash. The attorneys announced to the court, and the court's order reflects, the agreed stipulation and that the issues raised by the Motion to Quash were settled. Because of the announced agreement, the trial court did not rule on the merits of Newport's Motion to Quash, but instead ordered the parties to execute the promises made in the stipulations. The trial court did, however, determine that Midwest was entitled to an award of attorney fees and costs incurred in responding to the Motion to Quash. The amount of fees and costs awarded ($5,422.71) was determined at a subsequent hearing.

¶4 Newport contends there was no authority for the award of attorney fees and costs in this instance, nor was its conduct oppressive or in bad faith. Oklahoma, of course, follows the general rule, that attorney fees are not recoverable unless provided for

by statute or enforceable contract. *Kay v. Venezuelan Sun Oil Co.,* 1991 OK 16, 806 P.2d 648, 650; *Walden v. Hughes,* 1990 OK 105, 799 P.2d 619. Our courts also have the authority to award fees in cases where a party has acted in bad faith. 23 O.S.1991 § 103. There is no suggestion that that is what happened here.[1] In this case, therefore, there must be a statutory basis for the attorney fee award. That determination is a question of law and is reviewable *de novo. Hernandez v. United Supermarkets of Okla., Inc.,* 1994 OK CIV APP 122, 882 P.2d 84, 86; *First Nat'l Bank and Trust v. McKown,* 1993 OK CIV APP 156, 867 P.2d 1342, 1345. Furthermore, statutes authorizing prevailing party attorney fees are to be strictly applied by the courts because the award of such fees is considered to have a chilling effect upon the guarantee of open access to the courts. *Kay,* supra; *Beard v. Richards,* 1991 OK 117, 820 P.2d 812, 816. In sum, if the attorney fee statute does not clearly apply, then it does not apply.

¶5 Midwest promotes several statutes, all in the discovery code, as providing a statutory basis for the trial court's order. These include 12 O.S.1991 §§ 3226(C)(2), 3226(G), 3237(A)(4), and 3237(B). Section 3226(C)(2) provides:

"If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of paragraph 4 of subsection A of Section 3237 of this title apply to the award of expenses incurred in relation to the motion."

There was no request for a protective order in this case and there was certainly no protective order entered. Section 3226(C)(2) is therefore inapplicable.

¶6 Section 3226(G) provides in pertinent part:

"Every request for discovery, response or objection thereto made by a *party* represented by an attorney shall be signed by at least one of his attorneys of record.... The signature ... constitutes a certifica-

tion that he has read the request, or objection, and that it is:

1. .... consistent with the Oklahoma Discovery Code and warranted by existing law ...;

2. Interposed in good faith and not ... for any other improper purpose; and

3. Not unreasonable or unduly burdensome or expensive....

If a certification is made in violation of the provisions of this subsection, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response or objection is made, or both, an appropriate sanction, which may include an order to pay to the amount of the reasonable expenses occasioned thereby, including a reasonable attorney's fee.

(emphasis added).

This section is also inapplicable. It applies specifically to parties and their attorneys. Newport is a non-party, the opposite of a party.

¶7 Section 3237(A)(4) provides that the court may award attorney fees to the prevailing party on a motion to compel discovery. Although Midwest filed no motion to compel discovery, it argues that its response to Newport's Motion to Quash was essentially the same thing. A close review of that pleading, however, dispels the suggestion that it is a motion to compel. It addresses the merits of Midwest's earlier subpoena and its response to the objections raised thereto. It does not even impliedly move to compel discovery. Thus, this section is unavailable to provide the statutory support for the award of attorney fees.

¶8 Section 3237(B) provides for various sanctions including an award of attorney fees when there has been a violation of a court order regarding discovery. This is clearly not the case here, as there was no court order to violate.

¶9 Newport points out that depositions or document discovery of *non-parties* may be accomplished by use of subpoenas authorized by 12 O.S.1991 § 2004.1. This statute allows

---

1. There is no indication in the record that the award of attorney fees was based on "bad faith".

for the filing of objections to the subpoena and/or motions to quash or modify the subpoena. Section 2004.1(C)(1) allows for attorney fees to be awarded against the party or attorney issuing the subpoena if it imposes an undue burden or expense on the person subpoenaed. There is *no* similar provision in this statute allowing attorney fees to be awarded against a non-party deponent if he causes undue burden or expense to the party issuing the subpoena. There is some recourse, however, for the party issuing a subpoena against an uncooperative deponent. Section 2004.1(E) provides, "Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued." But, again, there was no contempt order or citation in this case.

¶ 10 From a close review of the record and Oklahoma law, there is no clearly applicable statute authorizing the award of attorney fees. Accordingly, the attorneys fee award against Newport Britton, L.L.C. is reversed.

¶ 11 REVERSED.

¶ 12 GARRETT and BUETTNER, JJ., concur.