2004 OK CIV APP 21

**TRANSWESTERN PUBLISHING, L.L.C., Plaintiff/Appellant,**

v.

**Barbara LANGDON, Defendant/Appellee.**

**No. 99,855.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 23, 2004.

---

Gary S. Chilton, Heidi J. Long, Holladay, Chilton & DeGuisti, Oklahoma City, OK, for Appellant.

Jonathan E. Shook, Shook, Huggins & Johnson, P.C., and Robert S. Coffey, Tulsa, OK, for Appellee.

Kevin M. Abel, General Counsel, John R. Brown, III, Staff Attorney, Oklahoma Department of Labor, Oklahoma City, OK, for Oklahoma Department of Labor.

Opinion by LARRY JOPLIN, Judge.

¶1 Appellant TransWestern Publishing, L.L.C. (TWP or Employer), seeks review of the trial court's order dismissing its petition for review on motion of Appellee Barbara Langdon (Langdon or Employee), and, by special appearance, the Oklahoma Depart- ment of Labor (DOL), for failure to join DOL as a necessary party to the review proceeding. Having reviewed the record and applicable authorities, we find the trial court did not err, and hold the order of the trial court should be affirmed.

¶2 Upon conclusion of Langdon's employment with TWP, Employer allegedly refused to pay wages Employee believed to be due, and she filed a wage claim with DOL. After investigation, DOL issued an Administrative Order of Determination awarding Employee back wages and penalties. Employer sought review before an Administrative Law Judge who entered an Agency Determination of Judgment affirming the earlier order.

¶3 Employer then filed its petition for judicial review of the agency order in the trial court, naming only Employee as defendant. Employee filed a motion to dismiss, asserting that Employer's failure to join DOL, a necessary party defendant to the proceeding for review, deprived the trial court of subject matter jurisdiction. DOL specially appeared and moved to dismiss on the same grounds. The trial court granted the motions, and Employer appeals.[1]

¶4 A wage dispute between an employer and employee is the proper subject for administrative determination by the DOL. 40 O.S. §§ 165.1, et seq, § 165.7. DOL's determination of an employer/employee wage dispute is subject to judicial review under the Oklahoma Administrative Procedures Act, (OAPA), 75 O.S. §§ 250 et seq. 40 O.S. § 165.7(E).

¶5 In this respect, an OAPA proceeding for judicial review of an agency's administrative order is commenced by filing of a petition for review in the district court within thirty days after the aggrieved party is notified of the final agency order, and timely filing of the petition for review is jurisdictional. 75 O.S. § 318(B)(2); *Citizens' Action for Safe Energy, Inc. v. Oklahoma Water Resources Bd.*, 1979 OK CIV APP 27, 598 P.2d 271. Upon filing of the petition for review, "[c]opies of the petition shall be served upon the agency and all other parties of record

1. This appeal stands submitted for accelerated appellate review on the trial court record under Rule 4(m), Rules for District Courts, 12 O.S. 2001, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App.

..." 75 O.S. § 318(C). Then, "[w]ithin thirty (30) days after service of the petition for review ... the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review...." 75 O.S. § 320. Judicial review is confined to the administrative record. 75 O.S. § 321.

¶ 6 In their motions to dismiss, both Employee and DOL argued that in an action for judicial review of an agency's administrative order under the OAPA, § 318 and § 320 expressly or implicitly required joinder of the administrative agency as a necessary party defendant, and that failure in which deprived the trial court of jurisdiction to review the agency determination. *Compare, Oklahoma Employment Sec. Com'n v. Carter,* 1995 OK 74, ¶¶ 11, 13, 903 P.2d 868, 871.[2] In response, Employer argued that the OAPA did not specifically mandate joinder of the administrative agency as a party defendant, and that § 318 required service of the petition on the administrative agency *only* as the vehicle to obtain transmission of the administrative record to the court pursuant to § 320.

¶ 7 Section 318(C) requires service of the petition for review "upon the *agency and all other parties of record.*" (Emphasis added.) By the use of the conjunction, "and," between "agency" and the phrase, "all *other* parties of record," we believe the Legislature plainly expressed its intent to treat the "agency" as a necessary "party" among all "other" necessary "parties" to review proceedings under the OAPA. We are bolstered in this conclusion by § 318(D), which allows an award of costs and attorney's fees to the agency if the action for review is determined to be "frivolous or was brought to delay the effect of said final agency order," because we know of no authority under the OAPA permitting an award of fees and costs to a nonparty. *See also, Midwest Financial Corp. v. Equity Holding Co.,* 2000 OK CIV APP 108, 12 P.3d 475.[3]

---

2. Section § 2–610 of title 40, O.S., "provides that the [Oklahoma Employment Security] Commission shall be named a codefendant," and "[w]hen the ten-day appeal period provided in 40 O.S. § 2–610 has run without all necessary parties being named, the district court is without jurisdiction" to entertain a petition for review of

¶ 8 We accordingly hold the administrative agency is a necessary party defendant in proceedings for judicial review of the agency's order under the OAPA. We further hold that failure to timely file the petition for review of an agency order naming all necessary party defendants constitutes a jurisdictional defect and renders the action subject to dismissal. The trial court so found, and we hold the order of the trial court should be and hereby is accordingly AFFIRMED.

HANSEN, J., and MITCHELL, P.J., concur.

---

an OESC decision; held, writ of prohibition granted.

3. Held, no statutory basis for award of attorney fees and costs incurred by a party in responding to a nonparty's motion to quash a subpoena.