2006 OK CIV APP 70

**H & EN, INC., Plaintiff/Appellant,**

v.

**OKLAHOMA DEPARTMENT OF LABOR, Defendant/Appellee.**

**No. 103,126.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 5, 2006.

Joan A. Renegar, Kornfeld, Franklin, Renegar & Randall, Edmond, OK, for Plaintiff/Appellant.

Don A. Schooler, Oklahoma Department of Labor, Oklahoma City, OK, for Defendant/Appellee.

Opinion by CAROL M. HANSEN, Judge.

¶1 Appellant, H & EN, Inc. (Employer), appeals from the trial court's order granting Appellee, Oklahoma Department of Labor's (Department), *Motion to Dismiss for Lack of Subject Matter Jurisdiction.*[1] We hold the trial court properly granted Department's motion to dismiss because Employer failed to include its wage claimant employee as a party to the action. We affirm.

¶2 The record reflects that Virginia R. Milner (Employee), filed a *Wage Claim* with Department seeking wages she alleged were

1. The appeal is submitted without appellate briefing in accordance with the accelerated procedure under Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.2003, Ch.15, App.

due and unpaid by Employer. Employer denied that Employee was in its employ. Department determined Employee was due wages of $36,200.55, and, pursuant to 40 O.S. 2001 § 165.3(B), was entitled to liquidated damages in an equal amount. Employer disputed the determination and made a timely request for an administrative hearing.

¶ 3 The matter was heard by an Administrative Law Judge (ALJ), as designee of the Commissioner of Labor. After the hearing, which included introduction of documentary evidence, testimony by Employee, and testimony by others on behalf of Employer, the ALJ concluded Employee was entitled to wages of $7,395.60, with liquidated damages of an equal amount. The ALJ also concluded, *inter alia*, that Employer and Employee met the definition of those terms under 40 O.S.2001 § 165.1. The ALJ's *Final Agency Determination* awarded judgment against Employer consistent with the foregoing conclusions of law.

¶ 4 Employer filed its *Petition for Review* in the trial court, alleging that pursuant to 75 O.S.2001 § 318, which is part of the Oklahoma Administrative Procedures Act (the Act), it was entitled to judicial review of Department's determination as a "final agency order."[2] Employer asked that it be determined not liable for wages or mandatory liquidated damages to Employee. Employer named Department as the only defendant in its *Petition*.

¶ 5 Department entered a special appearance in the trial court, filing concurrently its *Motion to Dismiss for Lack of Subject Matter Jurisdiction*. Department argued subject matter jurisdiction was lacking over Employer's *Petition* because [1] Employer failed to name Employee as a defendant, and [2] Employee, "the real party in interest" was an indispensable and necessary party under § 318(C) of the Act.

¶ 6 In its *Response* to Department's motion to dismiss, Employer asserted it had complied with the statutory requirement of notice under § 318(C) because it had served Department and Employee "was represented by [Department] during the hearing regarding [Employee's] wage claim." Employer further asserts only the "administrative agency is a necessary party to a petition because it is review of that agency's determination that is sought."

¶ 7 The trial court granted Department's motion to dismiss. It found lack of subject matter jurisdiction over Employer's § 318 petition "due to the absence herein of the 75 O.S. § 318 indispensable and necessary party, the real party in interest, *i.e.,* the *pro se* wage claimant." Employer appeals from the trial court's judgment. Generally, Employer contends the trial court's judgment should be reversed because [a] Oklahoma courts do not favor motions to dismiss, and [b] Employer complied with statutory requirements for notice. We find no merit in either contention.

 ¶ 8 Employer's contention that Oklahoma courts do not favor motions to dismiss may in some cases be true, but, as presented in Employer's response to Department's motion to dismiss, this rule pertains to motions to dismiss for failure to state a claim upon which relief can be granted, not to cases where the court finds it lacks jurisdiction. Where jurisdiction is statutory, "the terms of the statute must be complied with before a court can acquire jurisdiction." *Edmondson v. Siegfried Ins. Agcy., Inc.,* 1978 OK 45, 577 P.2d 72. If jurisdiction is lacking, the court has no discretion and the question of whether motions to dismiss are viewed with disfavor is irrelevant.

 ¶ 9 With respect to Employer's contentions regarding compliance with "notice" requirements under § 318(C), we are persuaded by the Court of Civil Appeals reasoning in *Transwestern Pub., L.L.C. v. Langdon,* 2004 OK CIV APP 21, 84 P.3d 804. In *Langdon,* the Court was considering facts similar to those now before us. There, in its petition for review by the district court from a wage determination in favor of an employee, the employer named only the employee as defendant. Both the employee and the Department of Labor, the latter appearing specially, moved for dismissal for failure to join

---

**2.** "Final administrative orders issued in a wage claim proceeding are subject to appeal pursuant to the Administrative Procedures Act." 40 O.S. 2001 § 165.7(E).

Department as a necessary party defendant. The trial court granted the motion to dismiss and the employer appealed.

¶ 10 The *Langdon* Court, at 806, concluded § 318(C) implicitly requires that all those who are entitled to be served copies of the petition be made a party to the petition. Section 318(C) provides:

Copies of the petition shall be served upon the agency and all other parties of record, ... The court, in its discretion, may permit other interested parties to intervene.

¶ 11 The *Langdon* Court held that joinder of Department, and *all other parties of record*, was necessary for jurisdiction over a request for judicial review of an agency order. While the facts in *Langdon* were reverse of the facts here, the result is the same. All parties of record to the administrative proceeding who have an interest in the judicial review must be joined in the district court action. Employer acknowledges Department is "a necessary party to a petition for review because it is review of that agency's determination that is sought." It is hard to conceive how Employee, whose wage claim is dependent on the outcome, could have a lesser interest in the judicial review.

¶ 12 The decision in *Langdon* is consistent with that of the Supreme Court in *Edmondson, supra.* In *Edmondson,* the appellant had sought judicial review of a decision of the Board of Review of the Oklahoma Employment Security Commission. The appellant's petition in district court had omitted the Board of Review as a defendant and the district court granted the other defendant's demurrers to the petition. The appeal was from the order dismissing the trial court petition.

¶ 13 The *Edmondson* Court, at 73, held:

The Oklahoma Employment Security Commission and the Board of Review of that Commission, *and any other parties to the proceedings before the Board of Review,* are necessary parties and failure by a plaintiff seeking judicial review of a decision by the Board of Review to name necessary parties as defendants in a timely commenced proceeding in the district court is jurisdictional. (Emphasis added).

¶ 14 In the matter before us, Employee was a party to the action before Department's ALJ, with valuable interests separate from those of Department, and was therefore a necessary party to Employer's *Petition for Review* in the trial court. The trial court could not gain jurisdiction over Employer's *Petition* unless all necessary parties were joined. *Edmondson,* 577 P.2d at 74. The trial court correctly found it did not have jurisdiction over Employer's *Petition* in the absence of Employee being named as a defendant and dismissed the *Petition.*

¶ 15 Accordingly, the trial court's order dismissing Employer's *Petition* is AFFIRMED. Department's motion to dismiss Employer's *Petition in Error* is DENIED.

BELL, P.J., and JOPLIN, J., concur.