2007 OK CIV APP 64

**Portia McCLELLAN, Plaintiff/Appellant,**

v.

**William WILBER, Defendant/Appellee.**

**No. 103498.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 13, 2007.

**1140**

Chris Knight, Tulsa, OK, for Plaintiff/Appellant,

John R. Woodard, Curtis J. Roberts, Millicent L. Hughes, Feldman, Franden, Woodard, Farris & Boudreaux, Tulsa, OK, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶ 1 Plaintiff/Appellant, Portia McClellan, seeks review of the trial court's order granting her motion for attorney fees and costs but awarding an amount far less than she requested. We reverse and remand with instructions to the trial court to make findings on the record regarding hours spent and reasonable hourly rates, the value placed on additional factors, and the specific facts and computation supporting the attorney fee award, pursuant to the Oklahoma Supreme Court's directive in *State ex rel. Burk v. City*

*of Oklahoma City (Burk)*, 1979 OK 115, 598 P.2d 659.

¶ 2 McClellan sued Defendant/Appellee, William Wilber, for negligent property damage to her vehicle, and won a judgment based on a jury verdict in the amount of $2,485.52 plus interest. She moved pursuant to 12 O.S.2001 § 940 for an award of attorneys fees of $10,755.00 and costs of $283.50. Wilber objected, asserting the fee requested was excessive. McClellan served a subpoena upon Wilber's insurer for legal billings related to the case. Wilber moved to quash the subpoena, claiming attorney-client privilege and attorney work-product immunity from discovery. The trial court granted the motion and quashed the subpoena. After hearing the motion for attorney fees, the trial court entered an order stating,

> The Court took this matter under advisement following the conclusion of the evidentiary hearing. . . .
>
> The Court accepts in part and adopts in part the arguments and authorities set forth in the Plaintiff's Motion, Supplemental Motion, and Briefs filed from February 9, 2006 to March 7, 2006.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Plaintiff is given Judgment for $283.50 in costs and attorney's fees in the amount of $3,420.00.

¶ 3 McClellan appeals from this order, contending, among other things, the trial court erred in failing to calculate a lodestar fee based on the number of hours expended times a reasonable hourly rate and failing to state facts supporting adjustment of the lodestar fee. We agree. The Oklahoma Supreme Court set forth the following directive in *Burk*, 598 P.2d at 663:

> A particular word of caution to the trial judges of Oklahoma is here warranted. When a question on appeal presents the issue of reasonableness of attorney's fees awarded by the court, abuse of discretion by the trial judge is the standard of review. Therefore, the trial court should set forth with specificity the facts, and computation to support his award. While the compensatory fee is not all that difficult a problem on review if the trial court has

made findings into the record regarding hours spent and reasonable hourly rates, the value placed on additional factors will be different in each case. Obviously, the reasonable value to be given for incentive fees should bear a reasonable relationship to the aggregate hourly compensation.

To comply with the *Burk* directive, "the trial court must first compute, on the record, the lodestar fee." *Peters v. American Income Life Ins. Co.*, 2003 OK CIV APP 62, 77 P.3d 1090, 1102. However, the attorney fee may not be based on time alone. The trial court must decide whether the lodestar rate should be increased or reduced based on the *Burk* factors. The fee must bear a reasonable relationship to the amount in controversy. *Id.* "The final calculation, and the supporting findings, shall also be set forth in the judgment." *Id.* at 1103.

¶4 Because the trial court failed to follow the *Burk* directive, we must reverse and remand for redetermination of McClellan's request for attorney fees. Because the fee has not yet been determined in accordance with the *Burk* procedure, we do not reach the issue of the reasonableness of the attorney fee awarded. We find no abuse of discretion in quashing the subpoena of the legal billing records of Wilber's insurer.

¶5 For the foregoing reasons, we RE-VERSE and REMAND with instructions to the trial court to make findings on the record regarding hours spent and reasonable hourly rates, the value placed on additional factors, and the specific facts and computation supporting the attorney fee award, pursuant to *Burk*.

REVERSED AND REMANDED

BUETTNER, J., and BELL, J., concur.