2012 OK CIV APP 74

John ADAMS, et al., Richard L. & Patsy Adkins, Sylvia C. Acosta, et al., Theresa Alvarez, et al., David & Christina Aguilar, et al., Kenneth & Carol L. Andrews, et al. and Richard & Jean L. Bowhay, et al., Plaintiffs,

and

David Helton and Craig Wittmer, Appellees,

v.

CONTINENTAL CARBON COMPANY, a Foreign Corporation, Defendant/Appellant,

and

CCC USA Corp., a Foreign Corporation, China Synthetic Rubber Corporation, a Foreign Corporation, and ConocoPhillips, a Foreign Corporation, Defendants.

No. 108,694.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 8, 2012.

Guy Clark, Ponca City, Oklahoma, for Appellant.

Michael R. Collins, Ponca City, Oklahoma, for Appellees.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Appellant, Continental Carbon Company, et al., seeks review of the trial court award of attorney fees to two non-party witnesses, appraisers David Helton and Craig Wittmer, who successfully sought to quash Defendants' subpoenas.

¶ 2 Defendants were sued by five-hundred property owners in seven consolidated lawsuits, alleging diminution in the value of the owners' various properties, due to emissions from a Continental Carbon Company plant and a ConocoPhillips refinery.

¶ 3 In preparing discovery to defend the actions, Defendants issued more than twenty subpoenas to various realtors, closers and appraisers in the Ponca City, Oklahoma area. All the subpoenas were the same in scope as those requested of Wittmer and Helton, but only Wittmer and Helton did not respond, eventually filing motions to quash the subpoenas served upon them. Both Wittmer and Helton asserted a number of protests to the subpoenas, including an appraiser's privilege and Financial Privacy Act privilege. The court ultimately quashed the Wittmer and Helton subpoenas, finding acquisition of the information to be an undue burden upon the small business owners.

¶ 4 Originally, the subpoenas requested information about the value of hundreds of properties over a five year time span, the owners of which may or may not have actually worked with the identified appraiser. There were three hearings addressing the Wittmer and Helton subpoenas and Defendants eventually honed their request, asking for information relating to property owners who identified the particular appraiser as having appraised his/her property; this narrowed the search to approximately twenty owners. The more narrowly focused subpoena was also quashed by the trial court as unduly burdensome.

¶ 5 Defendants maintained they offered clerical and financial assistance to those who were subpoenaed and complied, assistance Defendants claim they were willing to give Wittmer and Helton as well. However, Wittmer and Helton maintain the subpoenas made no provision for compensation for the witnesses' time or expenses and it was only after two hearings that some compensation was discussed.

¶ 6 Initially, Appellant sought to appeal both the trial court's decision to quash the subpoenas and the attorney fee awards. However, Defendants' need for production of the valuation materials became moot when the parties reached a settlement of all Plaintiffs' claims. As a result, only the attorney fee issue is before this court on appeal.

¶ 7 With respect to the attorney fees, Appellant asserts 12 O.S. § 2004.1 does not authorize attorney fees to the prevailing party for the granting or denying of a motion to quash a subpoena duces tecum. Furthermore, Appellant asserts that a subpoena which is unanswered creates no undue burden and no justification for attorney fees. In the alternative, Appellant argues the trial court abused its discretion in awarding the attorney fees, because Defendants had a valid need for the information in defense of Plaintiffs' claims, all recipients but Appellees were able to respond, Defendants made genuine efforts to reduce the burden on Appellees and offered compensation and assistance in helping Appellees comply with the subpoenas.

¶ 8 Whether a statute provides a basis for the award of attorney fees is a question of law and is reviewed *de novo*. *Midwest Financial Corp. v. Equity Holding Co.*, 2000 OK CIV APP 108, ¶ 4, 12 P.3d 475, 477. However, if the question is one of the correctness of the trial court's imposition of sanctions, the decision is reviewed for an abuse of the trial court's discretion. *Hammonds v. Osteopathic Hospital Founders Ass'n*, 1996 OK 100, 934 P.2d 319, 322. For the following reasons, the trial court's order awarding attorney fees to the non-party Appellees is affirmed.

¶ 9 Appellant's first proposition of error maintains that § 2004.1 does not authorize attorney fees under these circumstances, citing the American Rule that each litigant pays for their legal representation and any exceptions are narrowly defined to avoid a chilling effect on the goal of open access to the courts. *Crutchfield v. Marine Power Engine Co.*, 2009 OK 27, ¶ 26, 209 P.3d 295, 304. For an award of attorney fees to be authorized under a particular statute, the authorization must be found within the strict confines of the statute. *Id.*

¶ 10 However, both Wittmer and Helton note § 2004.1(C)(1) provides as follows:

C. PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

1. A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a

person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney, or both, in breach of this duty an appropriate sanction, which may include, *but is not limited to, lost earnings and a reasonable attorney fee.* (Emphasis added.)

Oklahoma's statutory provision was modeled after its federal counterpart.[1] For this reason, federal jurisprudence can be instructive in the interpretation of the state statute. *Barnett v. Simmons,* 2008 OK 100, ¶ 16, 197 P.3d 12, 18; *Payne v. Dewitt,* 1999 OK 93, ¶¶ 8–9, 995 P.2d 1088, 1092–93.

¶ 11 The Tenth Circuit Court of Appeals addressed a similar situation in *Byrd, Inc. v. Smith,* 927 F.2d 1135 (10th Cir.1991). In *Byrd,* a mortgagee sought to enforce subpoenas duces tecum issued to the debtor's appraiser. The subpoenas were deemed invalid, the mortgagee having failed to comply with certain procedural rules. The Tenth Circuit upheld the lower court's attorney fee award to the appraiser under the authority provided in Fed.R.Civ.P. 26(g), which contains language mimicking Federal Rule 45 and 12 O.S. Supp.2007 § 2004.1.[2]

■ ¶ 12 Similarly, in *Huntair, Inc. v. Climatecraft, Inc.,* 254 F.R.D. 677 (N.D.Okla. 2008), the federal district court reviewed the attorney fee awarded to a nonparty, who had defended against subpoenas that were deemed overly broad and unduly burdensome. The court determined "[a] nonparty who seeks to quash or modify a subpoena 'in essence, is the same as moving for a protective order that such discovery not be allowed.'" *Huntair,* 254 F.R.D. at 679 (quoting *Mannington Mills, Inc. v. Armstrong World Indus., Inc.,* 206 F.R.D. 525, 529 (D.Del. 2002)). The test is whether there was a breach by the one issuing the subpoena of the duty to take reasonable steps to avoid imposing an undue burden upon the one subpoenaed. *Id.* And "[a]n award of reasonable attorneys' fees may be the appropriate measure of sanction for violation of Rule 45." *Id.*

¶ 13 In light of the language making reference to the award of an attorney fee as a sanction in § 2004.1 and federal jurisprudence supporting the imposition of sanctions in the form of attorney fees to a nonparty who must defend an overly burdensome or invalid subpoena, we find no merit in Appellant's position that § 2004.1 does not authorize the awarded attorney fees.

■ ¶ 14 With respect to Appellant's related proposition that an unanswered subpoena does not create an undue burden, we note § 2004.1 does not contain language to this effect. Appellant cited *Young v. Macy,* 2001 OK 4, 21 P.3d 44, in an effort to support this proposition of error. However, *Young* did not examine the issue of an unanswered subpoena or the costs associated with defending against an unduly burdensome subpoena. Instead, *Young* discussed whether additional costs associated with producing a child witness were undue expenses under § 2004.1 and whether the party subpoenaing the child witness was responsible for avoiding imposition of that expense upon the child; the court found the party issuing the subpoena was responsible for the expense. We find no authority supporting this proposition of error.

■ ¶ 15 Appellant's final proposition of error asserts imposition of sanctions in the form of attorney fees is not supported by "record or reason," citing *Hammonds,* 934 P.2d at 322. In this proposition, Appellant

---

1. (c) Protecting a Person Subject to a Subpoena. (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply. Fed.R.Civ.P. 45(c)(1).

2.

(3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation. Fed.R.Civ.P. 26(g)(3).

contends Defendants made every effort to reduce the burden upon the witnesses, to the point the subpoena was no longer burdensome, and Defendants repeatedly offered compensation to Wittmer and Helton to aid in their production of the requested material. In addition, Appellant asserts the material was vital to the defense of Plaintiffs' claims.

¶ 16 This proposition is a direct attack upon the merits of the lower court's decision to quash the subpoenas in the first place, including Defendants' modified and narrowed requests, which the court also quashed. This is a question that is reviewed for an abuse of the trial court's discretion. *McClellan v. Wilber,* 2007 OK CIV APP 64, ¶ 4, 164 P.3d 1139, 1141.

¶ 17 While the record contains the subpoenas, the motions to quash and numerous responsive and supplemental pleadings that followed the back and forth conflict to secure information from Wittmer and Helton, the appellate court was provided no transcripts of the three hearings at which the merits of the subpoenas and competing motions to quash were argued and presumably where Wittmer and Helton provided evidence of the logistical difficulties of complying with Defendants' requests, and Defendants' countervailing evidence that the subpoenas were not burdensome. Without an understanding of the content of the three hearings, Appellant has not provided the court with an adequate record to review the underlying issue of the validity of the subpoenas, because the breadth of evidence and argument that was presented to the trial court, and upon which it based its decision, is not preserved for this court's review.

¶ 18 The incomplete record provided does not demonstrate an abuse of the trial court's discretion in quashing the Wittmer and Helton subpoenas. Demonstrating an abuse of discretion is an onerous burden and it is Appellant's responsibility to provide a record that can support its propositions of error. *Ray v. Ray,* 2006 OK 30, ¶ 12, 136 P.3d 634, 637 ("The appealing party must include in the record for appeal all materials necessary for corrective relief."); *Pracht v. Oklahoma State Bank,* 1979 OK 43, 592 P.2d 976, 978 ("The appellant bears the burden of demon-strating a sufficient record and applicable law to demonstrate in this Court that the trial court committed error since error in the lower court is not presumed.").

¶ 19 The orders awarding attorney fees to non-party witnesses, Wittmer and Helton, are AFFIRMED.

HETHERINGTON, J. (sitting by designation), concurs, and BUETTNER, P.J., dissents.