**J.L. SPARLIN, a/k/a Jimi L. Sparlin, and F.M. (Pete) Rozelle, Appellants,**

v.

**Ben JACKSON, Conservation Attorney, Oklahoma Corporation Commission, Appellee.**

**No. 86959.**

Supreme Court of Oklahoma.

May 28, 1996.

As Corrected May 31 and July 2, 1996.

J.L. (Jimi) Sparlin, Oklahoma City, pro se.

F.M. (Pete) Rozelle, Boerne, Texas, pro se.

Susan Dennehy Conrad, Lawrence R. Edmison, Rachel Lawrence Mor, Oklahoma Corporation Commission, Oklahoma City, for appellee.

OPALA, Justice.

Dispositive of the Oklahoma Corporation Commission's [Commission] dismissal motion is our answer to the question whether Sparlin and Rozelle's repeated attempts to have the March 29, 1995 Commission order modified extended the time to appeal from that order. We answer in the negative and dismiss the appeal as untimely.

I

## THE ANATOMY OF LITIGATION

Oklahoma Corporation Commission Order No. 391039 *was entered on March 29, 1995.*[1] The Commission found Sparlin in contempt of its rules and ordered that she forfeit her operator's bond, plug a well and pay a $1,250.00 fine. A copy of the March 29 order was mailed to both Sparlin and Rozelle on March 30, 1995.

---

1. Order No. 391039 is signed by all three commissioners and bears the required statement,

"Done and performed this 29th day of March, 1995."

On April 25, 1995 Sparlin and Rozelle moved for rehearing. By its Order No. 394148—*entered July 26, 1995*—the Commission recast Sparlin's rehearing plea as a motion to reconsider, granted rehearing and modified its earlier order by no longer requiring immediate forfeiture of her operator's bond.

Sparlin and Rozelle moved once again for rehearing, this time of both the March 29 order and its July 26, 1995 modification. This motion was denied by the Commission's December 22, 1995 Order No. 398195, copies of which were mailed to the parties on December 29, 1995. The petition in error came here on February 15, 1996. In its response the Commission moved for the appeal's dismissal as untimely.

## II

### COMMISSION ORDERS BECOME FINAL BY FORCE OF LAW AFTER 30 DAYS; SPARLIN'S PLEA FOR REVIEW CAME TOO LATE

■ A Corporation Commission order must be appealed, if at all, within thirty days of *its entry*.[2] No motion to modify or reconsider an appealable Commission order will *extend the time to appeal* from that order.[3] Moreover, appeal time cannot be interminably extended and the review delayed by successive motions to vacate or reconsider an appealable decision.[4] *See* the provisions of 12 O.S.1991 § 991(a).[5]

■ The March 29 order was appealable within 30 days of its entry. It became final 30 days later when no appeal was brought. To be effective as a modification of the March 29 order, the July 26 Commission ruling had to be *entered* within 30 days of March 29.[6] If the July 26 order was to be treated as *separately appealable*, an appeal from that decision would be untimely if brought here after 30 days from its entry.

Because no *timely* petition in error was lodged here from *either* order, *both* are now beyond this court's reviewing cognizance.[7] Sparlin and Rozelle's plea for review is hence untimely.

■ Appeals from the Commission must be prosecuted in the manner prescribed for civil appeals from the district courts. Procedural symmetry for district court orders and those of the Corporation Commission is required by Art. 9, § 20, Okl. Const.[8] *See also*

2. *See* 52 O.S.1991 § 113, whose pertinent terms provide:

"All appeals under the provisions of this Act must be taken by filing in the Supreme Court a petition in error within thirty (30) days from the date on which the order, rule, regulation, judgment, decree or final action of the Commission appealed from shall have been made, rendered or taken. . . .

\* \* \*

The time limit prescribed herein for filing the petition in error may not be extended."

3. *Turpen v. Oklahoma Corp. Com'n*, Okl., 769 P.2d 1309, 1318–19 (1988).

4. *Salyer v. National Trailer Convoy, Inc.*, Okl., 727 P.2d 1361, 1363 n. 5 (1986).

5. The terms of 12 O.S.1991 § 991(a) are:

"The right of a party to perfect an appeal from a judgment, order or decree of the trial court to the Supreme Court shall not be conditioned upon his having filed in the trial court a motion for new trial, but in the event a motion for a new trail is filed in the trial court by a party adversely affected by the judgment, order or decree, no appeal to the Supreme Court may be taken until subsequent to the ruling by the trial court on the motion for a new trial. *This provision shall not apply, however, to an appeal from an order of the Corporation Commission.*" [Emphasis added.]

6. *See Turpen, supra* note at 1318–19.

7. If the July 26 order had been a *timely* modification of the March 29 order—because it was entered within 30 days of the earlier order's filing, it would have *replaced* the earlier memorial. The former would no longer be appealable. We need not and do not today express an opinion whether the July 26 order was separately appealable, nor whether *its terms are effective* as a modification of the March 29 order.

8. The pertinent provisions of Art. 9, § 20, Okl. Const., are:

"From any action of the Corporation Commission . . ., an appeal may be taken . . . directly to the Supreme Court of Oklahoma, in the manner and in the same time in which appeals

Art. 5, § 46, Okl. Const.[9] A district court order triggers appeal time when it is filed.[10] The functional equivalent of district-court "filing" consists of three steps *by which a Commission order is deemed entered.*[11] These occur when (a) an assigned number is stamped on its face, (b) the Commissioners or the Secretary (with the Commissioners' approval) sign it *and* (c) it is inscribed with the language "Done and performed this ___ day of _____." *See* the pertinent terms of OAC 165: 5–1–6(c).[12]

## III

## SUMMARY

The Corporation Commission's decision to sanction Sparlin for failure to comply with its rules was entered on March 29, 1995. A later order—that claims to modify the March 29 order—was entered July 26, 1995. Sparlin and Rozelle's attempt to have these orders modified did not extend the time to appeal for their review. Because no proceedings to review *either order* was brought here within 30 days of its entry, this appeal must be dismissed as untimely.

> may be taken to the Supreme Court from the District Courts...."

9. The terms of Art. 5, § 46, Okl. Const., state in pertinent part:

> "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
> * * *
> *Regulating the practice or jurisdiction of ... in judicial proceedings or inquiry before the courts ... or other tribunals...."* [Emphasis supplied.]

See *Reynolds v. Porter,* Okl., 760 P.2d 816, 822 (1988); *Maule v. Independent School Dist.* No. 9., Okl., 714 P.2d 198, 203–204 (1985).

10. *See* the pertinent terms of 12 O.S.Supp.1993 § 990A(A) are:

> "An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court."

See also the pertinent terms of 12 O.S.Supp.1993 § 696.3, effective October 1, 1993, are:

ALMA WILSON, C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

KAUGER, V.C.J., and SUMMERS, J., concur in result.

SIMMS, Justice, concurring specially:

I agree with the majority's conclusion that this appeal is untimely and should be dismissed, but I find it unnecessary to speculate about the efficacy of the motion for rehearing and the validity of the Commission's ensuing modification of its previous order. Even if the order of December 22, 1995, effected a valid modification of the first order, this appeal, filed on February 14, 1996, was untimely and the matter should simply be dismissed by order.

I am authorized to state that Justice Watt joins with me in the views expressed herein.

KAUGER, Vice Chief Justice, concurring in result:

I agree with the result reached by the majority opinion——that the appellants', Sparlin and Rozelle (operators), petition for

> "A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
> 1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
> 2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
> 3. The signature and title of the court;...."

11. The date of entry is that reflected on the face of the order in the "done and performed" clause. *See* the pertinent terms of OAC 165: 5–1–6(c), *infra* note.

12. The terms of OAC 165: 5–1–6(c) are:

> "Every order of the Commission issues and is effective, unless an effective date is otherwise stated in the order, the date such order is signed by the Commissioners or by the Secretary upon approval of the Commissioners. Every order shall contain the language: "Done and performed this ___ day of _____". Periods of time prescribed by the order, or by statute, or by the rules of this Chapter shall run from the "Done and performed" date."

error was untimely filed.[1] Title 12 O.S.1991 § 991(a)[2] grants litigants in the district court an opportunity to file a motion for new trial and to await a ruling before the time period to file a petition in error begins to run. Section 991(a) denies parties appearing before the Corporation Commission the same procedural opportunity.

Nevertheless, the Oklahoma Constitution provides that appeals from the Corporation Commission and from the District Court will be given the same procedural treatment. The Oklahoma Constitution is this state's highest law to which all statutes must yield.[3] Art. 9, § 20 provides in pertinent part:

> "From any action of the Corporation Commission ... an appeal may be taken by any party affected, or by any person deeming himself aggrieved by such action, or by the State, directly to the Supreme Court of the State of Oklahoma, **in the same manner and in the same time in which appeals may be taken to the Supreme Court from the District Court** ..." (Emphasis provided.)

Art. 9, § 20 specifically provides that litigants before the Corporation Commission are governed by the same rules regarding time limits as are the parties who appear in district court. A right granted by the Okla-homa Constitution may not be denied through statutory enactment.

1. The last operative action by the Corporation Commission which could arguably be considered as an appealable decision occurred on December 29, 1995, when the modification order denying rehearing was mailed to the operators. The petition in error was not filed until February 15, 1996——forty–eight (48) days after the mailing. Title 12 O.S. Supp.1994 § 990A provides in pertinent part:

> "An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. Where a judgment, decree, or appealable order states the matter was taken under advisement, the petition in error, if filed, must be filed within thirty (30) days from the date of mailing of a file-stamped copy of such judgment, decree, or appealable order to the appealing party ..."

Title 52 O.S.1991 § 113 provides in pertinent part:

> "... All appeals under the provisions of this act must be taken by filing in the Supreme Court a petition in error within thirty (30) days from the date on which the order, rule, regulation, judgment, decree or final action of the Commission appealed from shall have been made, rendered or taken by the Commission ..."

2. Title 12 O.S.1991 § 991(a) provides:

> "The right of a party to perfect an appeal from a judgment, order or decree of the trial court to the Supreme Court shall not be conditioned upon his having filed in the trial court a motion for a new trial, but in the event a motion for a new trial is filed in the trial court by a party adversely affected by the judgment, order or decree, no appeal to the Supreme Court may be taken until subsequent to the ruling by the trial court on the motion for a new trial. This provision shall not apply, however, to an appeal from an order of the Corporation Commission."

3. *Hendrick v. Walters*, 865 P.2d 1232, 1238 (Okla. 1993) (Authored by Opala, J.).