2008 OK CIV APP 30

OKLAHOMA FOUNDATION FOR
MEDICAL QUALITY,
Plaintiff/Appellant,

v.

The DEPARTMENT OF CENTRAL SER-
VICES and Oklahoma Health Care Au-
thority, Defendants/Appellees.

No. 104,741.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Dec. 31, 2007.

Certiorari Denied Feb. 25, 2008.

Kevin D. Gordon, Timila S. Rother, Jonathan D. Echols, Crowe & Dunlevy, Oklahoma City, OK, for Plaintiff/Appellant.

Heather M. Poole, Christopher J. Bergin, Oklahoma Healthcare Authority, Oklahoma City, OK, for Defendant/Appellee Oklahoma Health Care Authority.

Kimberly A. Heaton, Kimberlee D. Williams, Department of Central Services, Oklahoma City, OK, for Defendant/Appellee Department of Central Services.

DOUG GABBARD II, Presiding Judge.

¶1 In this accelerated appeal under the Oklahoma Administrative Procedures Act, 75 O.S.2001 & Supp.2007 §§ 250.1 through 323, Oklahoma Foundation for Medical Quality (Foundation) seeks review of the trial court's dismissal of its petition for review. Foundation sought review of the Oklahoma Department of Central Services' (Central Services) award of a State Medicaid utilization and review contract. We affirm.

## BACKGROUND

¶2 For the last 20 years, Foundation served as the sole provider of medical and utilization review for Oklahoma's Medicaid program. On February 26, 2006, the Oklahoma Health Care Authority (OHCA) elected to offer its contract for Medicaid review by public bid through Central Services. Only two bidders responded: Foundation and Innovative Resource Group, LLC d/b/a APS Healthcare Midwest (APS). The contract was awarded to APS.

¶3 On April 7, 2006, Foundation delivered a formal letter of protest to Central Services. Foundation alleged that, at the time of the bid, APS did not have an existing network of in-state physicians as required by federal law and that there were scoring irregularities in the awarding of the bid. Central Services denied the protest. Foundation then filed an administrative appeal, which was denied by a final order dated December 11, 2006, and

mailed to Foundation on either December 12 or 19, 2006.[1] On January 12, 2007, Foundation appealed the administrative decision to Oklahoma County District Court.[2] However, Foundation did not serve summons on either OHCA or Central Services until January 25, 2007, nor did Foundation name APS as a party or serve it with summons.

¶4 On February 9 and 13, 2007, Central Services and OHCA, respectively, filed separate motions to dismiss. Both parties alleged that they were not served within 10 days of the filing of the administrative appeal to the district court, and that APS, a party of record in the agency appeal, was neither named as a party nor served, all as required by the Oklahoma Administrative Procedures Act. OHCA also claimed that it was not a proper party to the action.

¶5 On May 11, 2007, the trial court sustained the motions to dismiss, stating:

Proceedings brought in the District Court to appeal a final Agency Order are specialized proceedings pursuant to the Administrative Procedures Act. The procedural requirement for appeal are exclusive and mandatory and must be complied with before a District Court can acquire jurisdiction for review.

Based on the foregoing, the Court finds that the Plaintiff has not complied with the necessary requirements to obtain the jurisdiction of this Court for judicial review.

¶6 Foundation seeks our review.

## STANDARD OF REVIEW

¶7 The granting of a motion to dismiss upon undisputed material facts presents an issue of law requiring *de novo* review, *i.e.*, a plenary, independent, and non-deferential re-examination of the trial court's legal rulings. *Indiana Nat'l Bank v. State Dept. Of Human Servs.*, 1994 OK 98, ¶2, 880 P.2d 371, 375; *Neil Acquisition L.L.C. v. Wingrod Inv. Corp.*, 1996 OK 125, n. 1, 932 P.2d 1100, 1103. Here, the issue raised was whether

---

1. The final order contains a certificate of mailing dated December 12. However, Foundation alleges that the envelope which contained the order had a date of December 19, 2006, and that it did not receive the decision until December 21.

2. Foundation entitled its petition for review, "Administrative Appeal from Final Agency Order."

the trial court had jurisdiction to hear the appeal. This is also a question of law which we review *de novo*. *Jackson v. Jackson*, 2002 OK 25, ¶ 2, 45 P.3d 418, 421–22.

## ANALYSIS

¶ 8 Title 75 O.S.2001 § 318(B)(2) of the Administrative Procedures Act provides that any party aggrieved by a final agency order may obtain judicial review by filing a petition for review in district court within 30 days after the appellant is notified of the final agency order. Section 318(C) provides:

Copies of the petition shall be served upon the agency and all other parties of record, and proof of such service shall be filed in the court within ten (10) days after the filing of the petition. The court, in its discretion, may permit other interested persons to intervene.

¶ 9 The first issue raised by the motions to dismiss is whether Foundation named and joined all "parties of record" in its petition for review, and, if not, whether this was a jurisdictional defect. OHCA asserted it was not a party of record in the underlying administrative procedure and was entitled to be dismissed from the action. OHCA and Central Services both asserted that APS *was* a party of record, and that Foundation's failure to name APS in its petition for review and to serve APS justified dismissal. Foundation responded that OHCA was a necessary party of record because its conduct was directly in issue,[3] but that APS was not a necessary party because it was not named "as a respondent" in the underlying administrative proceedings and never took "any action to intervene as a party of record." Clarifying these assertions, the Proposed Findings of Fact and Conclusions of Law of an administrative law judge indicates that *neither* OHCA nor APS was named as a party in the caption of the administrative proceeding, but *both* appeared, participated, and presented evidence in the proceeding.

¶ 10 Under the Administrative Procedures Act, the term "party" is defined as "a person or agency named and participating, or prop-

erly seeking and entitled by law to participate, in an individual proceeding." 75 O.S. 2001 § 250.3(11). Here, the record establishes that OHCA and APS were not named and joined as parties in the caption of the underlying administrative action, but both appeared and participated. Thus, if both were *entitled by law* to participate therein, they were "parties of record."

¶ 11 Recently, another division of this court addressed this issue in *H & En, Inc. v. Oklahoma Department of Labor*, 2006 OK CIV APP 70, 136 P.3d 1070. There, an employee filed a wage claim with the Oklahoma Department of Labor. The agency found in favor of the employee, and the employer appealed. After a hearing which included testimony by the employee, the administrative law judge found in favor of the employee. The employer appealed to district court, naming the Department of Labor as the only defendant in its petition for review. The Department moved to dismiss under 75 O.S.2001 § 318(C), on the grounds that the employee, as "the real party in interest," was a necessary party. The trial court agreed. On appeal, the Court of Civil Appeals held:

All parties of record to the administrative proceeding who have an interest in the judicial review must be joined in the district court action. Employer acknowledges Department is "a necessary party to a petition for review because it is review of that agency's determination that is sought." *It is hard to conceive how Employee, whose wage claim is dependent on the outcome, could have a lesser interest in the judicial review.* (Emphasis added.)

*Id.* at ¶ 11, 136 P.3d at 1672. The Court relied upon *Edmondson v. Siegfried Insurance Agency, Inc.*, 1978 OK 45, 577 P.2d 72, wherein the Supreme Court noted that the agency conducting the administrative proceeding "and any other parties to the [underlying administrative] proceeding" were necessary parties entitled to notice of an administrative appeal. *See also Transwestern Pub., L.L.C. v. Langdon*, 2004 OK CIV APP

---

**3.** Foundation alleges that although Central Services formally conducted the bid process and awarded the contract, OHCA designated APS as a qualified bidder, reviewed and scored the bids, and recommended that APS be awarded the contract.

21, 84 P.3d 804. These holdings are consistent with the general rule that all parties with a legally cognizable interest in the outcome of a proceeding are parties entitled to notice. *Fowler v. Bailey*, 1992 OK 160, 844 P.2d 141; *In re Application of State ex rel. Dep't of Transp.*, 1982 OK 36, 646 P.2d 605.

¶ 12 Here, OHCA and APS had contractual interests directly affected by the outcome of the administrative proceeding, were entitled by law to participate therein, and did so.[4] Under 75 O.S.2001 §§ 250.3(11) and 318, Foundation was required to name and join APS as a party and serve it with a petition for review. Indisputably, it failed to do so.

¶ 13 Although the Court in *H & En*, determined that such a failure was jurisdictional under the Administrative Procedures Act, the Supreme Court has not yet addressed this question. However, it has addressed a similar question under the Oklahoma Employment Security Act. In *Edmondson*, the Court construed the judicial review language of 40 O.S.1971 § 216(d)(7)[5] providing, in part:

Such petition for review ... shall be served upon a member of the Board of Review or upon such persons as the Board of Review may designate, but there shall be left with the party so served as many copies of the petition as there are defendants, and the Board of Review shall forthwith send by registered mail to each other party to the proceeding a copy of such petition, and said mailing shall be deemed to be completed service upon all such parties.

In that case, the employee named the Board of Review and his former employer as parties, but did not name the Oklahoma Employment Security Commission. The district court dismissed the petition, and the Supreme Court affirmed, stating:

The judicial review provided by the cited statute ... is a special proceeding and the procedural requirements are mandatory. The Oklahoma Employment Security Commission and the Board of Review of that Commission, *and any other parties to the proceeding before the Board of Review, are necessary parties and failure by a plaintiff seeking judicial review of a decision by the Board of Review to name necessary parties as defendants in a timely commenced proceeding in the district court is jurisdictional.* (Emphasis added.)

*Id.* at ¶ 4, 577 P.2d at 73. *Edmondson* stands for the rule that substantial compliance with the procedural requirements for filing administrative appeals is not enough: strict compliance is mandatory. *See also State ex rel. Okla. Employment Sec. Comm'n v. Emergency Physicians, Inc.*, 1981 OK 82, 631 P.2d 743.

¶ 14 We believe the principles enunciated in *Edmondson* apply with equal force to administrative appeals brought under the Oklahoma Administrative Procedures Act. Generally, administrative law is a departure from the common law and parties seeking its application must strictly adhere to its procedures. The Oklahoma Supreme Court has long held that strict compliance with the Act's statutory procedures is required to vest reviewing courts with jurisdiction to hear appeals from an agency determination. *See Conoco, Inc., v. State Dep't of Health*, 1982 OK 94, 651 P.2d 125.

¶ 15 We note that neither § 318 nor the statute construed in *Edmondson* specifically requires the naming of any particular party in a petition for review. Nevertheless, both

---

**4.** The State of Oklahoma has chosen to participate in the Medicaid program and, as required by 42 U.S.C. § 1396a(a) (OCIS 2007), has developed a comprehensive state plan which places administration of the program with OHCA. 63 O.S. Supp.2007 § 5009(B). Under this statutory scheme, OHCA has the authority to enter into contracts with various providers of hospital and other medical and nursing services, and to promulgate rules for implementing the state plan. *See* 63 O.S.2001 & Supp.2007 §§ 5006(A), 5007(F), and 5009(B). Here, the contract in question was for the specific purpose of further-

ing OHCA's statutory duty of administering the State Medicaid program. Although the actual contract bidding process was handled by Central Services, the contract itself was clearly between OHCA and the successful bidder, APS.

**5.** The statute was replaced by what is now 40 O.S. Supp.2007 § 2–610, which has more mandatory language: "In such petition for review all other parties to the [administrative] proceeding ... shall be made codefendants."

statutes require service of the petition for review upon each "party of record" and "party to the proceeding," respectively, and such parties cannot be known with certainty unless they are clearly named and joined in the petition for review. Although the *Edmondson* statute placed the mandatory duty of service *upon the Board,* the Board could not accomplish service unless the party seeking review first complied with its duty of naming all proper parties in its petition for review. We reach the same conclusion regarding § 318. Moreover, § 318(C) contains language providing that, while "[c]opies of the petition *shall be served* upon the agency and all other parties of record" and filed within 10 days, courts may allow "other interested persons" to intervene. By only authorizing the intervention of "other interested *persons,*" the statute clearly indicates that naming and serving all *parties of record* is a jurisdictional prerequisite.

¶ 16 This conclusion is consistent with the majority of courts in other states which, like Oklahoma, have statutes originating with the 1961 version of the Model State Administrative Procedure Act. *See, e.g., Bd. of Educ. of City of New Britain v. Conn. State Bd. of Educ.,* 38 Conn.Supp. 712, 461 A.2d 997 (1983) (superseded by statute on other grounds); *Lockett v. Chicago Police Board,* 133 Ill.2d 349, 140 Ill.Dec. 394, 549 N.E.2d 1266 (1990) (overruled on other grounds); *Murray v. Bd. of Review,* 237 Ill.App.3d 792, 178 Ill.Dec. 517, 604 N.E.2d 1040 (1992); *King v. Univ. of Minn.,* 387 N.W.2d 675 (Minn.Ct.App.1986); *State ex rel. Day v. County Court of Platte County,* 442 S.W.2d 178 (Mo.Ct.App.1969); *Sunnyview Village, Inc. v. State Dept. of Adm.,* 104 Wis.2d 396, 311 N.W.2d 632 (1981).[6]

¶ 17 Foundation's failure to name and serve all "parties of record" is fatal to its appeal. APS was entitled to participate in this case because it had a direct interest therein. APS appeared and participated in the underlying administrative proceeding. Under the Administrative Procedures Act, APS was a "party of record" entitled to be named, joined, and served with the petition for review. Foundation's failure to do so prevented the trial court from having jurisdiction to hear the appeal. The trial court's dismissal was proper.

¶ 18 Because of our holding on this issue, it is unnecessary for us to consider whether Foundation's failure to serve Central Services and OHCA with a copy of the petition for review and file proof of service within the 10–day period required by § 318(C) also supported the trial court's dismissal.[7]

## CONCLUSION

¶ 19 For the reasons set forth above, the order of dismissal is AFFIRMED.

GOODMAN, J. and FISCHER, J. (sitting by designation), concur.

---

6. *Contra, see El Dorado Utils., Inc. v. Galisteo Domestic Water Users Ass'n,* 120 N.M. 165, 899 P.2d 608 (Ct.App.1995); *Jordan v. Hamada,* 62 Haw. 444, 616 P.2d 1368 (1980).

7. Foundation argues that the calculation of the 10–day period should be controlled by the Oklahoma Pleading Code, which provides for the exclusion of intervening weekends and holidays when calculating time requirements of less than 11 days. *See* 12 O.S. Supp.2007 § 2006(A). It asserts that § 2006(A) "must be read" into § 318(C) so that "general rules of appellate process be symmetrical and apply across the board." Foundation relies upon *Johnson v. Tony's Town Mister Quik,* 1996 OK 138, 915 P.2d 355; *Tulsa County Pub. Facilities Auth. v. Okla. Tax Comm'n,* 1996 OK 97, 925 P.2d 55; and *Sparlin v. Jackson,* 1996 OK 69, 918 P.2d 740.