2010 OK CIV APP 100

**Jason D. WILLIAMS, Plaintiff/Appellant,**

v.

**BOARD OF OKLAHOMA POLYGRAPH EXAMINERS, Defendant/Appellee.**

**No. 107,671.**

Court of Civil Appeals of Oklahoma, Division No. 2.

April 29, 2010.

Certiorari Denied Sept. 20, 2010.

Mitchell D. Blackburn, Crystal A. Johnson, Conner & Winters, LLP., Oklahoma City, OK, for Plaintiff/Appellant.

W.A. Drew Edmondson, Attorney General, James V. Barwick, Assistant Attorney General, Oklahoma City, OK, for Defendant/Appellee.

JANE P. WISEMAN, Chief Judge.

¶1 Plaintiff Jason D. Williams appeals from the trial court's order granting the motion to dismiss filed by the Board of Oklahoma Polygraph Examiners (Defendant) and denying Plaintiff's motion for re-examination. The issue presented is whether the trial court erred in granting the motion to dismiss and in denying the motion for re-examination. After reviewing the record and considering the applicable law, we affirm the trial court's orders granting dismissal in favor of Defendant and denying Plaintiff's motion for re-examination.

## FACTS AND PROCEDURAL BACKGROUND

¶2 According to Plaintiff's petition for review, Defendant filed a complaint and notice of hearing against him stating that because he had been "adjudged guilty of one or more felonies or misdemeanors," he became ineligible as a licensee pursuant to the Polygraph Examiners Act. On March 19, 2009, Defendant issued its Order concluding that because Plaintiff had been found guilty of a crime considered by Defendant to be one of moral turpitude, Plaintiff's polygraph examiner's license was revoked.[1]

¶3 On April 20, 2009, Plaintiff appealed Defendant's decision to the district court pursuant to both 59 O.S.2001 § 1471 and 75 O.S.2001 § 318. On April 30, 2009, Plaintiff filed a document entitled "Notice of Pending Service" admitting he was required to serve Defendant and file proof of such service within ten days after the filing of the petition as delineated in 75 O.S.2001 § 318(C). Despite recognizing these requirements, Plaintiff stated he could not timely meet them because he attempted "to effect service on [De-

fendant] via certified mail return receipt requested, but has not yet received the return receipt back from the post office reflecting service." Plaintiff subsequently filed a notice of service on May 5, 2009, confirming service on Defendant.

¶4 Defendant filed a special appearance and motion to dismiss urging that dismissal is warranted due to improper service on two grounds: (1) Rick Thornburg, Chairman of the Board, is not a proper party to accept service on Defendant's behalf, and (2) the petition was not served on Defendant and filed with the trial court within the statutory time period set out in 75 O.S.2001 § 318(C) thus depriving the trial court of subject matter jurisdiction. In response, Plaintiff contends the Board Chairman was clearly authorized by statute to accept service on Defendant's behalf. Plaintiff further asserts the service requirement found in 75 O.S. 2001 § 318(C) is not jurisdictional but "intended only to avoid undue delay."

¶5 After a hearing on Defendant's motion, the trial court granted Defendant's motion to dismiss finding in its order:

> Serving the parties within the ten (10) day time period prescribed by 75 O.S. § 318 is required for the District Court to acquire subject matter jurisdiction. The Court finds that the Petitioner did not serve the Respondent within the ten (10) day time period following the filing of the Petition and, consequently, the Court lacks subject matter jurisdiction. Therefore, the Motion to Dismiss must be granted and this administrative appeal must be dismissed.

Because it found the service issue to be dispositive, the trial court declined to address Defendant's arguments regarding either serving an improper party or the untimely filing of the return of service.

¶6 Plaintiff filed a motion asking the trial court to re-examine this ruling. The trial court denied the motion after considering the briefs and oral arguments presented by the parties.

---

1. Although Plaintiff's petition for review states that Defendant's order revoking his license is

attached as Exhibit A, we do not find this exhibit in the appellate record.

¶ 7 Plaintiff appeals both the trial court's order granting Defendant's motion to dismiss and the order denying his motion for re-examination.

## STANDARD OF REVIEW

¶ 8 The issue of whether a trial court has subject matter jurisdiction presents a question of law. *State ex rel. Protective Health Servs. v. Billings Fairchild Ctr., Inc.,* 2007 OK CIV APP 24, ¶ 7, 158 P.3d 484, 487–88. We have "plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings." *Id.*

¶ 9 Plaintiff is also entitled to appellate review of the trial court's denial of his motion for re-examination. "A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment or final order, which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title." *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶ 4, 681 P.2d 757, 758–59. "A trial court's denial of a motion for new trial is reviewed for abuse of discretion." *Reeds v. Walker,* 2006 OK 43, ¶ 9, 157 P.3d 100, 106–07.

## ANALYSIS

¶ 10 Before analyzing whether the trial court was in error in denying Plaintiff's motion for re-examination, we must first determine as a matter of law the propriety of dismissing Plaintiff's administrative appeal.

¶ 11 After Defendant issued its final order revoking Plaintiff's license, Plaintiff appealed to the district court pursuant to the Polygraph Examiners Act, 59 O.S.2001 § 1471, and the Administrative Procedures Act (APA), 75 O.S.2001 § 318(C). Section 1471 provides in part:

> Any person dissatisfied with the action of the Board in refusing his application or suspending or revoking his license, or any other action of the Board, may appeal the action of the Board by filing a petition within thirty (30) days thereafter in the district court of Oklahoma County, Oklahoma, and the court is vested with jurisdiction. . . .

59 O.S.2001 § 1471. This Act also states that it "is subject in all respects to the provisions of the [APA] as now existing or hereafter amended." 59 O.S.2001 § 1475. With regard to service of the petition for review, the APA provides:

> Copies of the petition shall be served upon the agency and all other parties of record, and proof of such service shall be filed in the court within ten (10) days after the filing of the petition. The court, in its discretion, may permit other interested persons to intervene.

75 O.S.2001 § 318(C).

¶ 12 Plaintiff filed his petition on April 20, 2009. Defendant does not dispute Plaintiff timely filed his petition within 30 days of the final order. Defendant does dispute, however, that Plaintiff served Defendant with the petition within the statutory time period pursuant to 75 O.S.2001 § 318(C). Defendant contends that, even if Rick Thornburg had been the proper person to accept service on Defendant's behalf, service was not timely because service by certified mail was not obtained until May 1, 2009. "Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant." 12 O.S. Supp.2009 § 2004(C)(2)(a).

¶ 13 Defendant cites 75 O.S. Supp.2009 § 250.8 to support its argument that Plaintiff failed to timely serve the petition. This provision explains the computation of time periods under the APA:

> In computing any period of time prescribed or allowed by the [APA], the day of the act, or event, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday as defined by the Oklahoma Statutes or any other day when the receiving office does not remain open for public business until 4:00 p.m., in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday as defined by the Oklahoma Statutes, or any other day when the receiving office does

not remain open for public business until 4:00 p.m. . . .

Applying these statutes, Defendant asserts that Plaintiff filed his petition on April 20, 2009, and Defendant should have been served no later than the tenth day, *i.e.*, April 30, 2009.

¶ 14 Defendant claims that timely service of an administrative appeal is a jurisdictional requirement. To support this contention, Defendant relies on *Oklahoma Foundation for Medical Quality v. Department of Central Services*, 2008 OK CIV APP 30, 180 P.3d 1, where this Court interpreted 75 O.S.2001 § 318(C) and found that the plaintiff's "failure to *name and serve* all 'parties of record' is fatal to its appeal" and this failure "prevented the trial court from having jurisdiction to hear the appeal." *Id.* at ¶ 17, 180 P.3d at 5 (emphasis added).

¶ 15 Plaintiff tries to distinguish the *Foundation* case by arguing "[t]he *Foundation* court held that the plaintiff's failure to name all parties of record was fatal to its appeal. As a result, the *Foundation* court never took up the issue of whether 'Foundation's failure to serve [Defendant] with a copy of the petition for review and file proof of service within the 10–day period required by § 318(C) also supported' dismissal." (Citations omitted.)

¶ 16 Plaintiff's reliance on this case is misplaced. Plaintiff omits an important part of the Court's finding in paragraph 17. The Court in *Foundation* not only found the plaintiff's failure to name all parties of record was fatal to its appeal but specifically found: "Foundation's failure to name *and serve* all 'parties of record' is fatal to its appeal." *Id.* at ¶ 17, 180 P.3d at 5 (emphasis added). Foundation's failure to name, join, and serve a party of record (APS Healthcare) as to its petition for review "prevented the trial court from having jurisdiction to hear the appeal." *Id.* The Court stated that "the statute clearly indicates that naming and serving all *parties of record* is a jurisdictional prerequisite." *Id.* at ¶ 15, 180 P.3d at 5. Finding Foundation's failure to name and serve APS to be dispositive of the case, the Court declined to consider whether Foundation's failure to serve two other defendants (Central Services and Okla-

homa Health Care Authority) and file proof of that service also supported the dismissal. *Id.* at ¶ 18, 180 P.3d at 5.

¶ 17 The Oklahoma Court of Civil Appeals again confronted a trial court's dismissal pursuant to this statute in *Klopfenstein v. Oklahoma Department of Human Services*, 2008 OK CIV APP 16, 177 P.3d 594, finding:

> Clearly, since [the Merit Protection Commission] is the agency whose final order has been appealed in this case, [the employee] was required to name MPC as a party defendant and to serve it with a copy of the petition for review. We also find that the failure to do so would constitute a serious jurisdictional defect.

*Id.* at ¶ 10, 177 P.3d at 596. Applying this analysis, the Court ultimately found that even though employee failed to name MPC in the caption of the petition, naming it as a party in the body of the petition satisfied the statutory requirements. *Id.* at ¶ 18, 177 P.3d at 598. For these reasons, the Court found the employee complied with the requirements of 75 O.S.2001 § 318 and reversed the trial court's dismissal and remanded for further proceedings. *Id.* at ¶¶ 19–20, 177 P.3d at 599.

¶ 18 The Polygraph Examiners Act is subject to the APA pursuant to 59 O.S.2001 § 1475. Because 59 O.S.2001 § 1471 is silent on the service of a petition for review, we look to 75 O.S.2001 § 318(C) of the APA for guidance. Case law addressing this provision has held that naming and serving all parties of record are jurisdictional requirements. *Foundation*, 2008 OK CIV APP 30 at ¶ 17, 180 P.3d at 5; *Klopfenstein*, 2008 OK CIV APP 16 at ¶ 10 & n. 1, 177 P.3d at 596. We agree with these cases requiring service on a party of record as a jurisdictional prerequisite. Plaintiff did not meet this prerequisite, as the trial court correctly held.

¶ 19 Because this holding is dispositive, we decline to address Plaintiff's remaining arguments. The trial court's order dismissing Plaintiff's administrative appeal for lack of subject matter jurisdiction is affirmed. Having correctly granted Defendant's motion to dismiss, the trial court did not abuse its

discretion in denying Plaintiff's motion for re-examination.

## CONCLUSION

¶ 20 The trial court correctly dismissed Plaintiff's administrative appeal for lack of subject matter jurisdiction for failing to serve Defendant in accordance with 75 O.S.2001 § 318(C). In affirming the trial court's dismissal, we also find no abuse of discretion in denying Plaintiff's motion for re-examination.

¶ 21 **AFFIRMED.**

FISCHER, P.J., and BARNES, J., concur.