2010 OK CIV APP 117

**CHOICES INSTITUTE,**
**Plaintiff/Appellant,**

v.

**OKLAHOMA HEALTH CARE AUTHORITY and Mike Fogarty, In His Capacity of Chief Executive Officer of the Oklahoma Health Care Authority, Defendant/Appellee.**

**No. 107,533.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 24, 2010.

Tom Q. Ferguson, James R. Bullard, Doerner, Saunders, Daniel & Anderson, L.L.P., Oklahoma City, OK, for Plaintiff/Appellant.

Christopher J. Bergin, Heather M. Poole, Oklahoma Health Care Authority, Oklahoma City, OK, for Defendant/Appellee.

BAY MITCHELL, Judge.

¶1 This is an appeal by Choices Institute (Institute) from an order of the district court dismissing Institute's appeal from a decision of the Administrator of the Oklahoma Health Care Authority (OHCA).[1] OHCA sought dismissal on the basis of Institute's failure to have summons issued and failure to file proof of service within ten (10) days which, OHCA claims, violates § 318(C) of the Administrative Procedures Act, 75 O.S.2001 § 250 et seq. After oral argument, the trial court announced it "had no jurisdiction to hear the appeal" due to these alleged deficiencies and granted OHCA's Motion to Dismiss. Institute's motion to reconsider was denied. Upon review of the matter, we reverse and remand.

¶2 The granting of a 12 O.S. § 2012(B) motion to dismiss is reviewed *de novo. Indiana Nat'l Bank v. Dep't of Human Services,* 1994 OK 98, ¶2, 880 P.2d 371, 375. The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts. *Darrow v. Integris Health, Inc.,* 2008 OK 1, ¶7, 176 P.3d 1204, 1208. To the extent these are jurisdictional issues, the standard of review is no different. *MLC Mortgage Corp. v. Sun America Mortgage Co.,* 2009 OK 37, ¶6, 212 P.3d 1199, 1202 (jurisdictional issues present questions of law, reviewable *de novo* ).

¶3 This case arises from an administrative proceeding brought by Institute [2] be-

---

1. An appeal from a decision of the Administrator of the Oklahoma Health Care Authority to the district court is authorized by 63 O.S.2001 § 5052.

2. Institute is a behavioral health services provider under contract with OHCA to provide services to SoonerCare members. OHCA administers the state Medicaid program.

fore OHCA to protest OHCA's audit findings and OHCA's decision directing Institute to reimburse OHCA for medicaid overpayments. After several administrative appeals within the agency, OHCA issued its final agency order on April 30, 2009 directing Institute to reimburse OHCA the amount of $53,666. Institute timely filed a Petition initiating its appeal to the district court on May 29, 2009.[3] Institute served the Petition by certified mail on OHCA's General Counsel on June 3, 2009 and OHCA's CEO on June 8th. An Affidavit of Service with attached certified mail return receipts was filed on June 10, 2009. Institute did not have summons issued or served with the Petition.[4]

¶ 4 OHCA filed its Motion to Dismiss on June 15, 2009. It contends dismissal was required due to Institute's failure to comply with statutory jurisdictional prerequisites of 75 O.S. § 318 (B and C), which provide as follows:

> B. (2) ... proceedings for review **shall be instituted by filing a petition,** in the district court of the county in which the party seeking review resides or at the option of such party where the property interest affected is situated, **within thirty (30) days** after the appellant is notified of the final agency order as provided in Section 312 of this title.

> C. Copies **of the petition shall be served** upon the agency and all other parties of record, and **proof of such service shall be filed in the court within ten (10) days after the filing of the petition.** The court, in its discretion, may permit other interested persons to intervene.

*Id.* (emphasis added). Specifically, OHCA contends Institute failed to comply with § 318 in two respects: (1) it failed to have **summons issued and served** with the Petition within ten days; and (2) it failed to file proof of service **within ten days.** OHCA interprets the language of § 318, particularly the term "service," as impliedly including the service of summons requirement generally applicable in district court actions per 12 O.S. § 2004.

¶ 5 OHCA strenuously argues, and cites several authorities in support, that the procedural requirements for an appeal under the Administrative Procedures Act are mandatory and must be strictly complied with for the district court to have jurisdiction for its review. *See, Conoco, Inc. v. State Dep't of Health,* 1982 OK 94, 651 P.2d 125; and *State ex rel. Okla. Employment Security Comm'n v. Emergency Physicians, Inc.,* 1981 OK 82, 631 P.2d 743 (timely filing of appeal is jurisdictional); *Edmondson v. Siegfried Ins. Agency, Inc.,* 1978 OK 45, 577 P.2d 72; *H & EN, Inc. v. Okla. Dep't of Labor,* 2006 OK CIV APP 70, 136 P.3d 1070; and *Oklahoma Found. for Medical Quality v. Dep't of Central Services,* 2008 OK CIV APP 30, 180 P.3d 1 (naming/joining necessary parties is jurisdictional).

¶ 6 It is clear that timely service of the **petition** is mandatory. § 318(C)("Copies of the petition **shall** be served upon the agency and all other parties of record ..."); *See also Oklahoma Found. for Medical Quality,* ¶ 17, 180 P.3d at 2, 5; *Transwestern Publishing, L.L.C. v. Langdon,* 2004 OK CIV APP 21, 84 P.3d 804, 805–06; *H & EN, Inc. v. Okla. Dep't of Labor,* ¶¶ 10–14, 136 P.3d at

---

3. Title 63 O.S.2001 § 5052 provides in pertinent part:

> C. ... The decision of the Administrator may be appealed to the district court ... within thirty (30) days of the date of the decision of the Administrator as provided by the provisions of subsection D of this section.
> D. Any applicant or recipient under this title who is aggrieved by a decision of the Administrator rendered pursuant to this section may petition the district court ... pursuant to the provisions of Sections 318 through 323 of Title 75 of the Oklahoma Statutes. A copy of the petition shall be served by mail upon the general counsel of the Authority.

Title 75 O.S.2001 § 318(B)(2) provides in pertinent part:

> (P)roceedings for review shall be instituted by filing a petition, in the district court ... within thirty (30) days after the appellant is notified of the final agency order....

Title 12 O.S.2001 § 951(b) also provides that appeals to the district court from "any tribunal, board or officer exercising judicial junctions" shall be commenced by filing a petition within thirty days of the date the order appealed was mailed to the appellant.

4. **Later,** Institute did have summons issued (on June 16, 2009), after OHCA filed its Motion to Dismiss.

1072. However, OHCA cites no authority, nor do we find any, holding that an appeal to the district court from an administrative agency pursuant to 75 O.S. § 318 requires the issuance and service of **summons.**

■ ¶ 7 While § 318 the Administrative Procedures Act expressly requires timely filing and service of the **petition** to perfect an administrative appeal, it is silent as to any summons requirement.[5] Had the legislature intended to require a summons in perfecting an administrative appeal pursuant to § 318, it seems likely the statute would so provide. *See, e.g.,* 12 O.S. § 1033 (providing "a summons shall issue and be served" with the filing of a petition to vacate a judgment, decree or appealable order if more than thirty days after its filing). Paragraphs B and C of § 318 are clear, specific and unambiguous.[6] We see no reason to read into § 318 a requirement for the issuance and service of summons when no reason for such has been articulated and it would serve no useful purpose that we can discern. OHCA insists that § 318 be strictly complied with and this Court agrees. The Administrative Procedures Act, with its plain and unambiguous express terms, does not contain a summons requirement and the trial court erred in imposing one.

■ ¶ 8 OHCA's second ground for dismissal was that Institute failed to file proof of service within ten days as required by § 318(C). As noted above, the Petition was filed on Friday, May 29, 2009 and Institute's Affidavit of Service was filed on Wednesday, June 10, 2009. The ten days following May 29, 2009 included two weekends (four weekend days). OHCA construes this ten-day deadline calculation to **include** the weekend days. Thus, if weekend days are to be counted, the deadline fell on Monday, June 8, 2009. If weekend days are not to be counted, the deadline was Friday, June 12th.

¶ 9 Including weekend days in the ten-day deadline calculation deprives appellants in administrative appeals the benefit of the common-sense rule applicable to civil proceedings generally, codified at 12 O.S.2001 § 2006(A)(1), which provides:

Except for the times provided in Sections 765, 990.3, 1148.4, 1148.5, 1148.5A, and 1756 of this title, when the period of time prescribed or allowed is less than eleven (11) days, intermediate legal holidays and any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, shall be excluded from the computation.[7]

■ ¶ 10 Although Appellants in administrative appeals are held to strictly comply with the statutory procedural requirements, there is no answer in the Administrative Procedures Act for whether the intermediate weekends or holidays should be counted in computing the ten-day deadline set forth in § 318(C). Determining how this ten-day deadline is to be computed requires construction. Accordingly, it is appropriate to look for guidance where this issue has been addressed outside the Administrative Procedures Act. Title 12 O.S. § 2006(A)(1) specifically addresses this short-deadline computation question, and applies to civil cases generally.[8] This statute serves a practical purpose and was possibly enacted in recognition of the fact that with a deadline as short as ten days it might occasionally be impossible for even the most diligent litigant to complete his procedural requirements in such brief time. In the instant case, if it does not apply, Institute would have had

5. In that district court appeals to the Oklahoma Supreme Court do not require a summons, having a summons requirement in an appellate procedure would be an exception to usual procedure.

6. Only where the legislative intent cannot be determined from the statutory language due to ambiguity or conflict, should the rules of statutory construction be employed. *Keating v. Edmondson,* 2001 OK 110, ¶ 8, 37 P.3d 882, 886. However, "[w]here the language of a statute is clear and unambiguous, the language will be

given its plain meaning." *Humphries v. Lewis,* 2003 OK 12, ¶ 7, 67 P.3d 333, 335.

7. This language was enacted in 1999.

8. Where two statutes may be construed to apply to the same subject matter, one specific and one general, the specific statute controls. *Phillips v. Hedges,* 2005 OK 77, ¶ 12, 124 P.3d 227, 231; *Pickett v. Dep't of Human Services,* 1996 OK CIV APP 142, ¶ 6, 932 P.2d 543, 545.

only six business days to find the parties it must serve, have them served and then file proof of service to meet the deadline for perfecting its appeal. It is doubtful that the Legislature intended such an onerous construction. Accordingly, we hold that the computation method in 12 O.S. § 2006(A)(1) applies to the ten-day deadline in 75 O.S. § 318(C).

¶ 11 This Court concludes that Institute complied with § 318(C) in its timely filing and service of its Petition and the timely filing of its proof of service.[9] Given Institute's strict compliance with the mandatory

procedural requirements for initiating an appeal under the Administrative Procedures Act, the trial court had jurisdiction over the appeal and it erred in granting OHCA's motion to dismiss.

¶ 12 REVERSED AND REMANDED.

JOPLIN, P.J., and BELL, V.C.J., concur.

---

9. Regarding the § 318(C) requirement that proof of service be filed within ten days, we need not address what specifically must be filed to satisfy

that requirement, and whether all or any part of that requirement is jurisdictional.